THE LEHIGH STOVE AND MANUFACTURING COMPANY,
Respondent, *v.* EDWARD B. COLBY, Appellant.

A trial court is not bound to rule upon an offer of testimony, but it is a
matter within its discretion, and it has the right, at least, when the
opposite party requires it, to decide that the witness shall be produced
and questions asked tending to establish the matter embraced in the
offer.

(Argued March 19, 1890; decided April 15, 1890.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an
order made December 13, 1887, which affirmed a judgment in
favor of plaintiff entered upon the report of a referee.

This action was brought to recover the purchase-price of a quantity of stoves.   Upon the trial defendant offered to prove certain facts stated.   Plaintiff's counsel asked that the offer be stricken out and defendant required to ask the questions that he deemed material and relevant, so that plaintiff could have the privilege of objecting or not as he chose.   The referee granted the motion, stating to the defendant's counsel that he should put his questions to the witness and have them passed upon.

Subsequently the defendant's counsel renewed the offer. This was objected to by the plaintiff's counsel "on the same grounds," and objection sustained.   The court here say:

" The referee, in making his ruling on the former motion, distinctly stated that the counsel should put his questions, thus indicating it was not his intention to exclude the evidence embraced in the offer, and we are inclined to the opinion that the same intention existed in the final ruling made by him. If so, there was no error.   It was doubtless discretionary with the referee as to whether he would rule or not on the offer made.   He had the right, especially if the plaintiff so required, that the witness should be produced and the questions asked tending to establish the matter embraced in the offer."

*L. A. Gould* for appellant.

*Hector M. Hitchings* for respondent.

HAIGHT, J., reads for affirmance.
All concur.
Judgment affirmed.