In the Matter of Proving the Last Will and Testament of ORRA POTTER, Deceased.

WILLIAM P. POTTER et al., Contestants, Appellants; J. D. POTTER, Individually and as Executor of ORRA POTTER, Deceased, et al., Respondents.

1. CONTESTED PROBATE — EVIDENCE OF CONVERSATIONS WITH TESTATOR. When the probate of a will is contested upon the ground of undue influence exerted by the beneficiaries, and they are called as witnesses by the contestants on the trial of that issue, they are not incompetent, under section 829 of the Code of Civil Procedure, to testify concerning conversations with the testator tending to prove improper influence on their part.

2. ENTIRE CONVERSATION WITH TESTATOR COMPETENT. When the issues, in a contested probate proceeding, are undue influence and mental incapacity, and witnesses called by the contestants are competent to testify to conversations with the testator, the entire conversations tending to show undue influence or mental incapacity are competent; and a ruling by the surrogate, permitting the contestants to show only what the witness said, and excluding what the testator said, constitutes prejudicial error.

3. MATERIAL EVIDENCE. Material evidence upon the issue of undue influence or mental incapacity is disclosed by an offer of the contestants to show, when a beneficiary under the will is on the stand, that the witness had conversations with the testatrix and directed her how the witness wanted the will made; that it was made in accordance with the instructions and views of the witness, and that such conversations were had prior to the making and execution of the will and on the same day.

4. OFFER OF EVIDENCE. It is not necessary for the exceptant to make an offer, in order to show that rejected evidence was material.

5. WILL DISCRIMINATING BETWEEN CHILDREN. When a will offered for probate is wholly in favor of those children of the testatrix with whom she resided, and disinherits her other children, the greatest latitude should be allowed the contestants when using the beneficiaries as witnesses.

*Matter of Potter*, 17 App. Div. 267, reversed.

(Argued October 12, 1899; decided November 28, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered June 11, 1897, affirming a decree of the Surrogate's Court of Washington county admitting to probate the last will and testament of Orra Potter, deceased.

The facts, so far as material, are stated in the opinion.

*J. B. McCormick* for appellants. It was error for the surrogate to exclude the testimony of the witnesses Caroline Potter and Seaman G. Potter. They were not disqualified under section 829 of the Code, and it was error to strike out the evidence of those witnesses as to statements and conversations had between them and testatrix. (*Carpenter* v. *Soule*, 88 N. Y. 251; *A. C. S. Bank* v. *McCarty*, 149 N. Y. 71; *Cunningham* v. *Whitford*, 74 Hun, 273; *Matter of Dunham*, 121 N. Y. 575.) The loss or destruction of the prior will was sufficiently shown to permit its contents to be proven. (*Matter of Smith*, 15 N. Y. Supp. 425; *Cudney* v. *Cudney*, 68

N. Y. 148; *C. A. Society* v. *Loveridge,* 70 N. Y. 390;
*McLaughlin* v. *McDevitt,* 63 N. Y. 213.) It was error for
the surrogate under objections of contestants to permit the
witness Seeley to state conclusions and the operation of his
own mind as to the mental capacity of testatrix. (*Paine* v.
*Aldrich,* 133 N. Y. 544; *White* v. *Davis,* 17 N. Y. Supp.
548; *Holcomb* v. *Holcomb,* 95 N. Y. 316; *Clapp* v. *Fuller-
ton,* 34 N. Y. 190; *Hewlett* v. *Wood,* 55 N. Y. 634; *O'Brien*
v. *People,* 36 N. Y. 282; *Real* v. *People,* 42 N. Y. 270;
*Matter of Smith,* 95 N. Y. 522; *Van Horne* v. *Everson,* 13
Barb. 529; *Elwell* v. *Chamberlain,* 4 Bosw. 320.) The ques-
tions put to Seaman Potter, one of the residuary legatees,
which were excluded, were competent, relevant and material
testimony to the issues, upon undue influence and incompe-
tency of testatrix. (*Matter of Smith,* 95 N. Y. 516.) The
surrogate erred in excluding the evidence offered by the con-
testants. (*A. C. S. Bank* v. *McCarty,* 149 N. Y. 71; *Car-
penter* v. *Soule,* 88 N. Y. 251; *Matter of Stewart,* 24 N. Y.
S. R. 322; *Cunningham* v. *Whitford,* 74 Hun, 273.)

*C. W. Sturges* and *Jurden E. Seeley* for respondents. The
court will not reverse for an error which did not affect the
result, the contestants not being prejudiced thereby. (Code
Civ. Pro. § 2545; *Stever* v. *N. Y. C. & H. R. R. R. Co.,* 7
App. Div. 392; *Loder* v. *Whelpley,* 111 N. Y. 239; *Matter
of Bernsee,* 141 N. Y. 389; *Matter of Morgan,* 104 N. Y.
74; *Horn* v. *Pullman,* 72 N. Y. 269; *Matter of Potter,* 17
App. Div. 267.) The court committed no error in excluding
the evidence of Goodman concerning the contents of a former
will drawn by him. (*Matter of Smith,* 15 N. Y. Supp. 425.)
It was not error to allow the subscribing witness Seeley to
testify as to the apparent mental condition of testatrix at the
time of the execution of the will. (*Clapp* v. *Fullerton,* 34
N. Y. 190; Redf. Surr. Pr. 184.) The decree should in all
things be affirmed. (*Snyder* v. *Sherman,* 88 N. Y. 656;
*Loder* v. *Whelpley,* 111 N. Y. 239.)

BARTLETT, J.   The decree admitting the will of Mrs. Orra Potter to probate is attacked upon the ground that the learned surrogate rejected competent and material evidence on the trial before him.   The facts surrounding the controversy have an important bearing upon this question.

The testatrix was nearly eighty-nine years of age at the time she executed this will; she left her surviving seven children, four daughters and three sons.

The residuary legatees are her son Seaman G. and her daughter Caroline M.

A trifling legacy of personal property is given to her son John D., and to his wife a cash legacy of fifty dollars.

She gives to the wife of Seaman G. a legacy of one hundred dollars in cash, and to her residuary legatee, Caroline M. Potter, the residue of her household furniture, wearing apparel, etc.

It thus appears that three daughters and one son take nothing under the will; they are the contestants in this proceeding.

It was proved that the testatrix lived in the same house with her son, John D. Potter, and her unmarried daughter, Caroline M. Potter; her son, Seaman G. Potter, resided within a few rods of John's house.

The contestants attack this will upon the grounds of undue influence on the part of the children with whom the testatrix resided or was brought into immediate and constant contact; mental incapacity is also charged.

In support of the issues the contestants' counsel called to the stand Seaman G. and Caroline M. Potter, presumably hostile witnesses, and sought to prove by them conversations with the deceased prior to the execution of the will, and which tended to show improper influence on their part over the free will of the testatrix.

Many questions were addressed to these witnesses by the counsel for the contestants, seeking to draw out the substance of these conversations, but objections to them were uniformly sustained on the ground that the evidence was incompetent under section 829 of the Code of Civil Procedure.

As these witnesses were not called in their own behalf or interest, but were testifying against their interests, it is clear that this evidence was improperly rejected. (*Albany County Savings Bank* v. *McCarty,* 149 N. Y. 71, 84; *Carpenter* v. *Soule,* 88 N. Y. 251, 257.)

The learned Appellate Division affirmed this decree of the surrogate by a divided court, the prevailing opinion holding, substantially, that while the evidence was improperly rejected, the contestants were not necessarily prejudiced thereby, and, therefore, the decree should not be reversed, citing Code of Civil Procedure, § 2545.

By that section it is provided that a decree upon the trial of an issue of fact " shall not be reversed, for an error in admitting or rejecting evidence, unless it appears to the appellate court that the exceptant was necessarily prejudiced thereby."

The opinion goes on to state that it was incumbent upon the exceptant to have the case show, in substance, by way of offer or otherwise, what the rejected evidence is, as only in that way could it be made to appear whether or not there was prejudice to his case.

It was also suggested that the contestants did not avail themselves of the qualified ruling of the surrogate on the admissibility of this evidence, wherein he stated that he would permit them to show what the witness said to the testatrix, but would exclude the statements of the latter to the witness.

In respect to the last suggestion, it is sufficient to say that these entire conversations between the witnesses and testatrix, tending to show undue influence or mental incapacity, were clearly competent, and the contestants were not compelled to place before the court a garbled and one-sided account of a colloquy.

As to the other suggestion, that the contestants were bound to show, by way of offer or otherwise, that the rejected evidence was material, there are complete answers.

1. The contestants did make an offer to show when Caroline was upon the stand that prior to the making of the will she had talks and conversations with the deceased and directed

her how she wanted this will made, and that it was made in accordance with the instructions and views of the witness, and that such talks were had prior to the making and execution of the will and on the same day.

2. It was not necessary to make an offer as the practice is not favored by the court.

A trial court is not bound to rule upon an offer of testimony, but it is a matter within its discretion, and it has the right, at least, when the opposite party requires it, to decide that the witness shall be produced and questions asked tending to establish the matter embraced in the offer. (*Lehigh S. & Mfg. Co.* v. *Colby*, 120 N. Y. 640.)

It is difficult to conceive of evidence more competent or material under the issue of undue influence or mental incapacity.

Furthermore, it may be said, generally, that the contestants rested under no positive obligation to disclose, by offer or otherwise, the character of the evidence to be adduced.

As the examination of the witnesses progressed, unless the evidence bore upon the issue of undue influence or mental incapacity, it would be rejected or stricken out under objection, and it cannot be presumed that counsel examining a hostile witness will be able to state in advance, with accuracy, what he can prove. The defenders of the will are abundantly protected by the right to object to each question calling for an answer immaterial to the issues.

We have here witnesses with whom the testatrix resided, a will that was wholly in their favor and that disinherited the four other children.

Under these circumstances the greatest latitude should be accorded the contestants.

It would have been competent for the surrogate, if satisfied that these witnesses were hostile, to have accorded to the contestants the privileges of a cross-examination.

There is a marked difference in the situation presented to an appellate court between evidence improperly received or rejected. In the former case the evidence is upon the record

and the court may readily determine whether its reception was prejudicial or not, but, in the latter case, as already pointed out, it is quite impossible to acquaint the court with the full scope and character of the evidence that might have been adduced from hostile witnesses.

There are other grounds of alleged legal error discussed in the appellant's brief, but, as we are of opinion that a new trial must be granted, it is unnecessary to examine them.

We do not wish to be understood as expressing any opinion as to the merits of this controversy, as the only question before us is whether there was legal error in the rulings of the surrogate.

The judgment appealed from and the decree of the Surrogate's Court should be reversed and a new trial ordered, with costs in all the courts to abide the event.

All concur, except O'BRIEN, J., not voting.

Judgment reversed, etc.