In the Matter of the Probate of a Paper Propounded as the Last Will and Testament of FRANCES MARY WOODWARD, deceased.

GEORGE E. WOODWARD et al., Appellants; UNITED STATES MORTGAGE AND TRUST COMPANY et al., Respondents.

1. EVIDENCE — ADMISSIBILITY OF VALUE OF TESTAMENTARY GIFTS. Where the probate of a will is contested upon the grounds of testamentary incapacity and undue influence, evidence of the condition and value of the estate and of the several properties devised is admissible.

2. ADMISSIBILITY OF DECLARATIONS OF TESTATRIX. Statements made by the testatrix to one of her daughters, a competent witness, as to personal transactions between them, of conversations which the testatrix claimed to have had with other persons which were alleged to be wholly imaginary, are admissible on the questions of mental incompetency or undue influence.

*Matter of Woodward,* 52 App. Div. 494, reversed.

(Argued March 12, 1901; decided April 30, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 30, 1900, which affirmed a decree of the Surrogate's Court of the county of New York admitting to probate a paper propounded as the last will and testament of Frances Mary Woodward, deceased.

The facts, so far as material, are stated in the opinion.

*George Bethune Adams* for appellants. There were manifest errors made by the learned surrogate in refusing to consider and receive evidence bearing upon the issues in the case, to which exceptions were duly taken. (*Delafield* v. *Parish,* 25 N. Y. 95; *Marvin* v. *Marvin,* 3 Abb. Ct. App. Dec. 192; *A. S. F. Society* v. *Hopper,* 33 N. Y. 619; *Van Guysling* v. *Van Kuren,* 35 N. Y. 70; *Tyler* v. *Gardiner,* 35 N. Y. 559; *Rollwagen* v. *Rollwagen,* 63 N. Y. 504; *Matter of White,* 121 N. Y. 406; *Matter of Budlong,* 126 N. Y. 423; *Mowry* v. *Silber,* 2 Bradf. 133; *Forman* v. *Smith,* 7 Lans. 443.)

*Hector W. Thomas, Edward J. McGuire* and *Julius M. Mayer* for respondents. To prevail upon this appeal the exceptions relied on must be shown to have been necessarily prejudical and capable of producing a result on the trial other than the decree appealed from. (*Cooper* v. *Hills Bros. Co.*, 50 App. Div. 304; *Brozek* v. *Steinway Ry. Co.*, 161 N. Y. 63; *Trustees Amherst College* v. *Ritch*, 151 N. Y. 282; *Matter of Health Dept.* v. *Weekes*, 22 App. Div. 110, 112; *Brand* v. *Newton*, 82 Hun, 550; *Uertz* v. *Singer Mfg. Co.*, 35 Hun, 116; *Marx* v. *McGlynn*, 88 N. Y. 357; *Deax* v. *Wandall*, 3 T. & C. 128; *La Bau* v. *Vanderbilt*, 3 Redf. 384; *Matter of Tracy*, 11 N. Y. S. R. 103.) The questions asked the contestant, George Woodward, for the purpose of showing the extent and value of decedent's real estate, its increase or decrease, were properly excluded. (*Dobie* v. *Armstrong*, 160 N. Y. 584; *Matter of Lang*, 9 Misc. Rep. 521; *Clapp* v. *Fullerton*, 34 N. Y. 190; *Marx* v. *McGlynn*, 88 N. Y. 357; *Clarke* v. *Schell*, 84 Hun, 28.)

CULLEN, J. This is an appeal from an affirmance of a decree of the surrogate admitting the will of Mrs. Frances M. Woodward to probate. The testatrix at the time of making the will was eighty-three years old. She left her surviving two sons and two daughters, her only heirs at law. The sons contested the probate, alleging want of testamentary capacity in the deceased, and that the will was procured by undue influence exerted by one of the daughters. It would not be profitable to narrate the details of the controversy, as the only questions cognizable in this court arise on the exclusion of evidence offered by the contestants. The contestants sought to prove the condition and value of the testatrix's estate and of the several properties devised to her children respectively. The testimony on this subject was excluded as immaterial. We do not see how this ruling can be justified. While a testator may do what he will with his own, when the question is whether the will is the result of undue influence it would seem to be always material to ascertain the value of the several tes-

tamentary gifts found in the will. As a rule, undue influence is not exerted except for an object — either to obtain advantage for the person who is charged with having exerted it, or to cause detriment to others who would naturally share in the testator's bounty. The error in excluding this testimony was to some extent cured by proof which the contestants were able to draw from other witnesses. The next ruling of the trial court challenged by the appellants is the exclusion of statements made by the deceased to her daughter, Mrs. Putnam, of conversations that the deceased claimed to have had with other persons, which it is alleged were wholly imaginary. Mrs. Putnam was called as a witness by the contestants and was testifying against her own interest. She was, therefore, a competent witness as to personal transactions between her and the deceased. (*Matter of Potter*, 161 N. Y. 84.) It is settled law in this state that declarations of the testator, while incompetent to prove external facts, are admissible on questions of mental competency or undue influence : " Because as is said by Jarman in his work on Wills, 'The amount of undue influence which will be sufficient to invalidate a will must of course vary with the strength or weakness of the mind of the testator.' So the mental strength and condition of the testator are directly in issue in every case of alleged undue influence ; and the same evidence is admissible in every such case, as in cases where insanity or absolute incompetency is alleged." (*Waterman* v. *Whitney*, 11 N. Y. 157.) The ruling of the trial court on this evidence, therefore, was also erroneous. After examining all the evidence in the case, personally I should be inclined to doubt whether the appellants were so prejudiced by these rulings as to authorize, under section 2545 of the Code of Civil Procedure, a reversal of the decree admitting the will to probate ; but a majority of my associates take a contrary view and I yield to their judgment. There are other rulings of the learned surrogate, which the appellants attack, but as there must be a new trial of the case for the reasons stated, it is not necessary to discuss them farther than to say that we all think that the

contestants were held with too tight a rein in their efforts to introduce testimony in the cause. In a case of probate where want of testamentary capacity and undue influence are charged, much latitude in the introduction of testimony must necessarily be allowed to the parties.

The order appealed from should be reversed and a new trial granted, costs to abide the final award of costs.

PARKER, Ch. J., BARTLETT, MARTIN, VANN and WERNER, JJ., concur; GRAY, J., not voting.

Order reversed, etc.