·FRANK GICK, as Executor of ROSINA STUMPF, Deceased, Respondent, *v.* FRANK STUMPF, Appellant.

Decedent's estate — action to set aside instrument purporting to ratify a gift made by decedent — evidence — declarations by decedent made subsequent to a gift — when such declarations inadmissible either in support of, or against, the gift.

1. In a controversy over transactions of a testator, his declarations, while incompetent to prove external facts, are admissible on questions of mental competency or undue influence. If such declarations are admitted they should be confined to the purpose for which they are received.

2. Letters and papers written by a testatrix, who has transferred personal property, which are inconsistent with the transfer, should not in any case be received until other evidence is produced tending to prove want of mental capacity in the testatrix.

3. The declarations of a person, since deceased, made subsequent to a gift, which are inconsistent with the gift, are not generally

competent as affirmative evidence of the statements made to prove fraud or undue influence.

4. Where written and oral declarations of a testatrix were made long after the date of an instrument purporting to ratify a gift by testatrix to the defendant, which are in no sense a part of the *res gestæ*, they were improperly received in evidence in an action by her executrix to set aside such instrument, and the error in receiving them was not harmless.

*Gick* v. *Stumpf*, 134 App. Div. 910, reversed.

(Argued January 25, 1912; decided February 13, 1912.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered September 23, 1909, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George R. Salisbury* and *George B. Lawrence* for appellant. No declaration of deceased, written or oral, made subsequent to the gift and inconsistent therewith, or in effect denying or avoiding the gift, was admissible in favor of her executor. (*Scheps* v. *Bowery Sav. Bank*, 97 App. Div. 434; *Cornell* v. *Cornell*, 21 Wkly. Dig. 463; *Matter of Brownson*, 67 Hun, 237; *Christie* v. *Gage*, 2 T. & C. 348; *Hill* v. *Draper*, 10 Barb. 454; *Graves* v. *King*, 15 Hun, 367; *Marx* v. *McGlynn*, 88 N. Y. 357.)

*Walter A. Chambers* for respondent. The declarations of deceased were properly admitted in evidence for the purpose of showing the condition of her mind. (*Matter of Brunor*, 21 App. Div. 259; *Matter of Green*, 67 Hun, 527; *Matter of Nelson*, 141 N. Y. 152; *Chambers* v. *Chambers*, 61 App. Div. 300; *Waterman* v. *Whitney*, 11 N. Y. 157; *Matter of Woodward*, 167 N. Y. 28; 3 Wigmore on Evidence, § 1738.)

CHASE, J. This action is brought to set aside an instrument dated March 29, 1901, purporting to ratify a gift by the plaintiff's testatrix to the defendant and for an

accounting by the defendant of his transactions with said testatrix. The testatrix died September 27, 1904, leaving a will dated January 9, 1902, and a codicil thereto dated October 2, 1903. They were admitted to probate as her last will August 14, 1905, and the plaintiff was named therein as executor and letters testamentary were issued to him as such.

In the year 1899 the testatrix commenced living in the family of the defendant, her son, and continued to make her home with him thereafter for three or four years. At the time she became a member of the defendant's family she was eighty years old. At that time she had on deposit in a bank at Glens Falls $1,200.30. On July 24, 1899, she gave to the defendant her bank book and an order signed by her, but in which the amount was left blank. The defendant took them to the bank and the full amount so on deposit was inserted in the order, and the defendant drew the amount from the bank, and on August 1, 1899, deposited $1,200 thereof in the Albany Savings Bank in the name of "Frank Stumpf, in trust for Mrs. Rosina Stumpf, his mother." On July 6, 1900, he drew the whole amount then due on such deposit, namely, $1,241.35, and deposited it in the same bank to his personal account, and he has since retained the same.

On March 29, 1901, the testatrix executed in the presence of two witnesses and delivered to the defendant a formal instrument reciting that on July 1, 1900, she gave to him the money on deposit in his name, in trust for her, in the Albany Savings Bank, and that he had drawn the same from that account and deposited it in his own name, and she therein ratified and confirmed such gift. The will and codicil were each executed sometime after the execution of said instrument dated March 29, 1901.

On the trial of this action the plaintiff offered evidence to show that the eyesight of the testatrix was materially impaired for several years before her decease. The other evidence offered by the plaintiff consisted prin-

cipally of letters and memoranda written by the testatrix after March 29, 1901. The will dated January 9, 1902, contains numerous recitals and bequeaths certain articles of household furniture, furnishings and clothing to persons therein named and the rest and residue of her property to three children named including the defendant. The codicil also contains certain recitals and bequeaths to the two children other than the defendant, named in the will as residuary legatees, $100 each and to a grandchild $50. All of the letters and memoranda received in evidence except two may be treated as immaterial and harmless. One of the two mentioned is an undated signed statement written by the testatrix stating her wishes regarding an addition to her will. In it she directs in regard to specific articles of personal property in some detail and concludes with a statement as follows: "Charles H. Stumpf has had & Julia M. Clark each of these two has one hundred dollars. Frank had four hundred Dollars before his fathers Death & one hundred since I pay all my expenses as I go for care & board Dr. Bill's as far as I know. Frank has my money in care for me, he tells me in the Albany Savings Bank." The other of the two papers mentioned is a further statement regarding her will, in which she repeats her desire to bequeath $100 to each of the two children named and $50 to the grandchild named. The first of the two papers mentioned was received in evidence generally subject to an objection that it is a declaration of the deceased in her own favor made after the gift, and to an exception by the defendant. The last of the two papers mentioned was received subject to a similar objection and exception, but the court after receiving the paper stated: "All these letters are received only as bearing upon her mental condition." It is conceded that when the papers were written by the deceased she had no money to bequeath if the alleged gift to the defendant was valid and had passed the absolute title of the gift to the defendant.

The plaintiff did not present any direct evidence of lack of mental capacity in the testatrix or of influence exerted by the defendant to induce her to execute the paper of March 29, 1901, but he relied upon the fact that he had traced the money into the possession of the defendant as trustee, and that the defendant while occupying such fiduciary relation towards the testatrix, his mother, transferred such money to himself.

In a controversy over transactions of a testator, his declarations, while incompetent to prove external facts, are admissible on questions of mental competency or undue influence. (*Matter of Woodward,* 167 N. Y. 28, 30; Wigmore on Evidence, § 1738.) If such declarations are admitted they should be confined to the purpose for which they are received. The letters and papers received in evidence as declarations of the testatrix do not upon their face bear evidence of mental incapacity by the writer. The real purpose of introducing them appears to have been to show declarations of the testatrix after the execution of the paper of March 29, 1901, that are inconsistent with it. Letters and papers written by a testatrix, who has transferred personal property, which are inconsistent with the transfer, should not in any case be received until other evidence is produced tending to prove want of mental capacity in the testatrix. (*Waterman* v. *Whitney,* 11 N. Y. 157; *Marx* v. *McGlynn,* 88 N. Y. 357.) In this case the letters and papers were used and treated generally as affirmative proof of the statements made therein and not simply as evidence of the testatrix's mental capacity. The consideration given to such letters and papers is shown by the record and the briefs.

Although the trial justice submitted the issues to the jury, he treated the trial as one before the court in equity and subsequently made a decision in writing on which judgment was rendered for the plaintiff. In the charge to the jury he said that "evidence had been admitted of the circumstances *and papers* which bear on the question

27

*whether there was in fact a gift.*" Nothing was said in the charge, or at any other time, to indicate that the papers were considered only upon the question of the mental capacity of the testatrix. The respondent in his brief in this court says: "The exhibits last named (the two papers mentioned) were in the handwriting of Mrs. Stumpf, and confirm in every way the statements made in her will and codicil and show quite clearly the condition of the testatrix's mind as to whether any gift had ever been made of the $1,200.00." At another place in the brief, referring to an alleged desire by Mrs. Stumpf to do exact and impartial justice among her children, it is said that it is "evidenced by her will and *her letters* in connection therewith."

Oral declarations of the testatrix, made subsequent to the alleged gift and inconsistent with the gift, were also admitted in evidence upon the trial. The declarations of a deceased, made subsequent to a gift, which are inconsistent with the gift, are not generally competent as affirmative evidence of the statements made to prove fraud or undue influence. (*Marx* v. *McGlynn, supra; Burnham* v. *Brennan,* 74 N. Y. 597; *Kelly* v. *Home Savings Bank,* 103 App. Div. 141; *Tierney* v. *Fitzpatrick,* 195 N. Y. 433; *Conkling* v. *Weatherwax,* 181 N. Y. 258; *Scheps* v. *Bowery Savings Bank,* 97 App. Div. 434.) Upon the record before us the written and oral declarations of the testatrix made long after March 29, 1901, and in no sense a part of the *res gestæ,* were improperly received in evidence. The contention of the respondent rests so largely upon such declarations that it is clear that the error in receiving them was not harmless.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT and HISCOCK, JJ., concur; GRAY, J., absent.

Judgment reversed, etc.