HOPPER et al. v. BRITT et al., Board of Elections of City of New York.

(Supreme Court, Appellate Division, First Department.   February 23, 1912.)

1. ELECTIONS (§ 120*)—PRIMARY BALLOTS—STATUTORY PROVISIONS—VALIDITY.
   The provisions of Laws 1911, c. 891, §§ 57, 58, authorizing party emblems, providing for their use on the primary ballot, and authorizing the use of party emblem as the committee emblem of the party, are not invalid; and the mere fact that the party committee which until displaced represents the majority of the party membership is given the use of the party emblem is not an abuse of legislative power.
   [Ed. Note.—For other cases, see Elections, Dec. Dig. § 120.*]

2. ELECTIONS (§ 120*)—PRIMARY BALLOTS—STATUTORY PROVISIONS.
   The provisions of Laws 1911, c. 891, § 58, prohibiting the appearance of the name of a candidate more than once on a primary ballot as a candidate for a public office or party position, are unconstitutional.
   [Ed. Note.—For other cases, see Elections, Dec. Dig. § 120.*]

Appeal from Special Term, New York County.

Application by John J. Hopper and others for a peremptory writ of mandamus against J. Gabriel Britt and others, constituting the Board of Elections of the City of New York. From an order of the Supreme Court granting the writ, defendants appeal. Modified and affirmed.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Terence Farley, for appellants.
Herbert R. Limburg, for respondents.

DOWLING, J. This appeal is taken from an order directing that a peremptory writ of mandamus issue requiring the board of elections in the city of New York to disregard three certain provisions of the election law (chapter 22, Laws of 1909 [Consol. Laws 1909, c. 17] as amended by chapter 891, Laws 1911) in preparing the official ballots for the primary election to be held in the month of March next ensuing. These three provisions are as follows: (1) So much of section 37 of said law as enacts: "In the year nineteen hundred and twelve, members of all committees shall be elected at the spring primary, except in the city of New York, where they shall be elected in the fall primary"; (2) all of section 57 of said law, and so much of section 58 as provides for the use of a party emblem upon the primary ballots; (3) so much of section 58 of said law as prohibits the appearance of the name of a candidate more than once on the ballot as a candidate for the same public office or party position.

─────────────

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

As to the first direction, it is unnecessary for us to pass upon the power of the court to strike from a statute a provision on the ground that it was inserted through "palpable inadvertence" upon the part of the Legislature, for counsel concede that the law has been so amended that the question is no longer a practical one, and discussion of it is therefore not required.

[1] As to the second direction, we are referred to no statute or decision forbidding the use of an emblem upon the primary ballot. On the contrary, the law in question contains elaborate provisions as to the method of selection of such emblem, and assimilates the same to that used for a regular election. The objection urged is that by granting the party emblem as the committee emblem of the party an unjust discrimination has been exercised against those who are striving to overturn the control of the party by the dominant faction, as represented by the party committee. We can see no force in this contention. As a matter of practical administration, some one party or faction must have on any ballot such advantage as may come not only from an emblem, but from the first column upon the ticket. By the election law (section 58) that position is also given to the candidates designated by the party committee. No good reason is suggested why the followers of a faction which is disputing the supremacy of another then actually in control cannot cast their ballots for the candidates of their choice as freely, fairly, and adequately under an emblem of their own selection as under that of the party. Where men take the trouble to vote at a primary, they presumably have as intelligent a view of the merits of the issues submitted to them as they have at a general election, and they are as well equipped to make their selection between emblems and candidates. It cannot be seriously urged that the illiterate would all vote for the party emblem at a primary election, or that they would all vote in the first column in the absence of an emblem. Under modern methods, full publicity is given to emblem and candidate alike, and no independent movement can fail for lack of an opportunity to present its claims for popular support. In practice the illiterate voter is always the readiest to inform himself of any change in the method of voting. It was to enable him to express his choice that emblems have been provided upon the ballot. Matter of Greene, 9 App. Div. 223, 41 N. Y. Supp. 177; Matter of Wise, 108 App. Div. 52, 95 N. Y. Supp. 843. As long as full liberty is given for the selection of other emblems, and no unfair discrimination is exercised, the mere fact that the party committee which (until displaced) represents the majority of the party membership is given the right to use the party emblem is not an abuse of the legislative power. The learned court at Special Term, finding to the contrary, has stricken from the statute every provision for the use of an emblem upon a primary ballot, and has directed the preparation of a ballot, which, devoid of emblems of any sort, would be still more confusing to the voter, and would deprive the illiterate voter of the aid which has heretofore been granted him without question. It would render voting at primaries more difficult than at a general election. This is not only plainly in violation of the legislative intent, but creates

a new ballot never contemplated by the framers of the act. We believe, therefore, that so much of the order appealed from as directs the board of elections to disregard section 57 and the part of section 58 quoted should be reversed.

[2] As to the third provision, there can be no doubt that it was the purpose of the Legislature to surround the primary with every safeguard of the regular election, to give at both the same protection to the voter in the exercise of his franchise and the same freedom in the selection of his candidates. Illegal practices at either are the subject of appropriate punishment. A primary election is intended to effectuate the will of the enrolled voters of a party as fully as a regular election records the will of the entire electorate. Under these conditions, the prohibition against the name of a candidate appearing more than once in connection with the same office or position falls clearly within the rule laid down in Matter of Hopper v. Britt, 203 N. Y. 144, 96 N. E. 371, and is unconstitutional.

The order appealed from must, therefore, be modified by striking out so much as directs that a peremptory writ of mandamus issue directing the board of elections in preparing official ballots for the primary election to disregard the provisions of section 57 and so much of section 58 as requires the printing of the party and other emblems, and further directing that they shall omit all emblems upon said ballot, and, as so modified, it is affirmed, without costs. All concur.