DE LEYER v. BRITT et al., Com'rs of Elections, et al.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. SUBMISSION OF CONTROVERSY (§ 3*)—NATURE OF CONTROVERSY—REALITY.
   The Appellate Division will take jurisdiction on the submission of a controversy on an agreed statement of facts to determine the question in advance of the primary and general elections whether the electors of the new county of Bronx may participate in the nomination for and election of a justice of the City Court of New York to fill a vacancy because of the public importance of the question.
   [Ed. Note.—For other cases, see Submission of Controversy, Cent. Dig. §§ 4, 5; Dec. Dig. § 3.*]

2 COURTS (§ 42*)—"INFERIOR COURT"—JURISDICTION.
   The City Court of the city of New York is not a constitutional court, but is an inferior court created by the Legislature within Const. art. 6, § 18, authorizing the establishment by the Legislature of inferior local courts.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 163–170, 181–183; Dec. Dig. § 42.*
   For other definitions, see Words and Phrases, vol. 4, pp. 3580–3582.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

3. COURTS (§ 52*)—ELECTION—CITY COURT—COUNTIES.

Laws 1912, c. 548, creating the county of Bronx out of territory forming a part of the county of New York, declaring that the County Court within the county of Bronx shall have jurisdiction exercised by the County Court of Kings county, and that the several courts within the county of New York shall retain jurisdiction of all actions commenced prior to January 1, 1914, and that until that date the courts of the county of New York shall exercise the jurisdiction they now have, and providing that the act shall not be construed as affecting within the county of Bronx the jurisdiction of the City Court of the City of New York, merely continues the jurisdiction of the City Court until January 1, 1914, of actions over which it acquires jurisdiction before that time, and after that time it has no jurisdiction within the county, but the County Court then acquires jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 184–192; Dec. Dig. § 52.*]

4. JUDGES (§ 3*)—NEW COUNTIES—OFFICERS—ELECTIONS.

The Legislature did not intend by the act that the electors of the county of Bronx should participate in the election of justices of the City Court of New York, whose jurisdiction is confined to the county of New York.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 4–10; Dec. Dig. § 3.*]

5. CONSTITUTIONAL LAW (§ 38*)—STATUTES—VALIDITY.

A statute may be unconstitutional as contravening what is necessarily implied in the Constitution as well as where it contravenes the express language thereof.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 36; Dec. Dig. § 38.*]

Ingraham, P. J., and Clarke, J., dissenting.

Submission of controversy under Code Civ. Proc. § 1279, by John A. De Leyer, plaintiff, and J. Gabriel Britt and others, as Commissioners of Elections of the City of New York, and another, defendants. Judgment for plaintiff.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, DOWLING, and HOTCHKISS, JJ.

John T. Dooling, of New York City (Herbert R. Limburg, of New York City, on the brief), for plaintiff.

Terence Farley, of New York City, for defendants.

LAUGHLIN, J. [1] This controversy is submitted for the purpose of having the court decide, in advance of the primary and general elections for the present year, whether the electors of the county of Bronx are entitled to participate in the nomination for, and election of, a justice of the City Court of New York to fill a vacancy required to be filled at the general election in 1913. The members of the board of elections are desirous of having these questions adjudicated at an early date, to the end that they may be enabled to properly perform their duties, and that the nomination of candidates for the office of justice of the City Court and the election to that office may be legally made and had; and it is appropriate that the court should take jurisdiction for the purpose of authoritatively deciding such questions of

public importance. Matter of Hopper v. Britt, 146 App. Div. 363, 131 N. Y. Supp. 135; Id., 203 N. Y. 144, 96 N. E. 371, 37 L. R. A. (N. S.) 825, Ann. Cas. 1913B, 172; Matter of Hopper v. Britt, 149 App. Div. 94, 133 N. Y. Supp. 778; Id., 204 N. Y. 524, 98 N. E. 86.

[2, 3] By chapter 548 of the Laws of 1912 the Legislature carved out of the county of New York a new county which it named county of Bronx; and the Court of Appeals has declared that that act was constitutional, and that the county has been duly created. People ex rel. Unger v. Kennedy, 207 N. Y. 533, 101 N. E. 442. Prior to the creation of the county of Bronx, the City Court had jurisdiction throughout the territory now embraced in that county, and the electors who resided therein participated in the election of the justices of said court. A question has arisen as to whether the Legislature intended to continue the jurisdiction of the City Court throughout the county of Bronx, or whether it contemplated that the jurisdiction heretofore exercised by the City Court in that territory should, after the 1st of January, 1914, be exercised by the County Court of the new county, and also whether it was contemplated that the electors of the new county should participate in the nomination and election of the justice of the City Court to fill said vacancy. Section 6 of said act provides, among other things, as follows:

"No provision of this act shall be construed as affecting within said county of Bronx the jurisdiction of the City Court of the city of New York."

The claims of the respective parties are based principally upon this provision. It is contended in behalf of the plaintiff that it was merely intended thereby to continue the jurisdiction of the City Court in said territory until the County Court came into existence; and in support of that contention attention is drawn to the fact that the act contains no provision with respect to canvassing votes for the office of justice of the City Court, although by section 2 thereof provision is made for canvassing the votes cast in that county for Justices of the Supreme Court, representatives in Congress, senators, and members of assembly, and municipal officers elected in the city of New York. Section 3 of the act creates a County Court for the new county, and provides for the election of a county judge at the annual election in 1913; and section 7 provides that on and after the 1st of January, 1914, the County Court within the county of Bronx "shall have the same jurisdiction over civil and criminal actions and special proceedings as is now exercised under the provisions of law by the County Court of the county of Kings." Section 9 of the act provides that from the time the act takes effect until the 1st of January, 1914, the Supreme Court should have jurisdiction over all crimes and misdemeanors committed within the territory of the new county, except as therein otherwise provided, and that after said date the County Court should have such jurisdiction. That section contains further provisions with respect to the jurisdiction of the Courts of Special Sessions and Magistrate's Courts; and provides that the several courts within the county of New York, and within the First Judicial District of the Supreme Court, should have and retain jurisdiction of all actions, proceedings, and

matters duly commenced prior to the 1st day of January, 1914, and that the several courts of the county of Bronx, having criminal jurisdiction on and after the 1st of January, 1914, should have the same jurisdiction with respect to crimes committed in the new county as the courts of the county of New York, having criminal jurisdiction, theretofore had, unless the last-mentioned courts shall have acquired jurisdiction as therein provided, in which event it was further provided that:

"The said courts within the county of New York shall have and retain jurisdiction of the same for the full, complete and final disposition thereof."

Said section then further provides that:

"Until the said first day of January, nineteen hundred and fourteen, the said courts of the county of New York, and in the said First judicial district, shall retain and exercise in all civil and criminal proceedings the same jurisdiction they now have."

It is contended by counsel for the defendants that the Legislature could constitutionally continue the jurisdiction of the City Court within the new county. I am of opinion that that is extremely doubtful. The City Court is not a constitutional court, but is a court created by the Legislature. Lewkowicz v. Queen Aëroplane Co., 154 App. Div. 142, 138 N. Y. Supp. 983, affirmed 207 N. Y. 290, 100 N. E. 796. The learned counsel for the plaintiff argues that the effect of continuing the jurisdiction of the City Court within the new county would be to contravene section 14 of article 6 of the state Constitution, which limits the jurisdiction of the County Courts with respect to actions for the recovery of money only to actions against defendants who are residents of the county; and he argues that it was not competent for the Legislature to confer upon the City Court greater jurisdiction than is conferred upon the County Courts by the Constitution, and cites section 18 of article 6 of the state Constitution, which provides as follows:

"Inferior local courts of civil and criminal jurisdiction may be established by the Legislature, but no inferior local court hereafter created shall be a court of record. The Legislature shall not hereafter confer upon any inferior or local court of its creation, any equity jurisdiction or any greater jurisdiction in other respects than is conferred upon County Courts by or under this article, except as herein otherwise provided; all judicial officers shall be elected or appointed at such times and in such manner as the Legislature may direct."

The learned counsel for the defendants, in answer to these contentions, says that this act did not confer any additional jurisdiction upon the City Court, and that since the jurisdiction had theretofore been duly conferred upon that court the continuance of it was not in violation of the Constitution. Manifestly the spirit of the Constitution, if not its letter, would be offended by continuing the jurisdiction of the City Court in the new county of Bronx, thereby giving it jurisdiction over defendants not residents of the county of New York, which could not be done after the creation of the new county. As I view the questions presented, however, it is not necessary to express a decided opinion on this question, for the reasonable construction of these statutory

provisions is that the Legislature merely intended to continue the jurisdiction of the City Court where it had acquired, or might thereafter and before the 1st of January, 1914, as provided in the statute, acquire, jurisdiction by the commencement of a proceeding or action.

[4, 5] The learned counsel for the defendants also contends that it was competent for the Legislature to authorize the electors of the county of Bronx to participate in the election of City Court justices, even though the jurisdiction of the City Court with respect to the territory embraced in the new county is terminated. That proposition is by no means free from doubt. It may be conceded that there is no express provision of the Constitution which would be violated by such course; but it is well settled that legislation may be unconstitutional if it contravenes what is necessarily implied in the Constitution, as well as where it contravenes the express language thereof. Matter of Hopper v. Britt, supra; People ex rel. Devery v. Coler, 173 N. Y. 103, 65 N. E. 956. See, also, People ex rel. Swift v. Luce, 204 N. Y. 478, 97 N. E. 850. It is evident, however, that the Legislature did not intend that the electors of the county of Bronx, for whom it created a County Court to exercise substantially the same jurisdiction as that exercised in the former county of New York by the City Court, should participate in the election of justices of the City Court, whose jurisdiction would be confined to the remaining county of New York.

It follows, therefore, that the plaintiff is entitled to a judgment in the nature of a peremptory writ of mandamus directed to the defendants and each of them, requiring them to prepare and publish a notice of the offices for which candidates will be nominated in September, 1913, at the primaries to be held by the political parties in and for the county of Bronx, and to omit from such notice any reference to the office of justice of the City Court of the City of New York, and to furnish official primary ballots, tally sheets, statements of result, and all other election paraphernalia for said primary election in and for the county of Bronx, and in so doing to omit therefrom any reference to the office of justice of the City Court of the City of New York, and to accept and receive no certificate of nomination for the office of justice of the City Court of the City of New York subscribed or made by electors residing within the county of Bronx if insufficient without their signatures.

DOWLING and HOTCHKISS, JJ., concur.

INGRAHAM, P. J. (dissenting). The plaintiff contends, and upon this contention his claim is based, that section 6 of the Bronx County Act, being chapter 548 of the Laws of 1912, which provides that "no provision of this act shall be construed as affecting within said county of Bronx the jurisdiction of the City Court of the City of New York," is in violation of section 16 of article 6 of the Constitution. The effect of this provision of the Constitution as affecting the City Court of the City of New York was considered in the case of Lewkowicz v. Queen Aëroplane Co., 154 App. Div. 142, 138 N. Y. Supp. 983, affirmed 207 N. Y. 290, 100 N. E. 796. In the Court of Appeals Chief Judge Cullen, in speaking of this provision of the Constitution, said:

"As already said, there were seven courts which were courts of record. It was not intended to alter the character of those courts; a change of which might have produced much confusion, if no other evils. Therefore, the inhibition in the first sentence of the section was restricted to future courts, while that found in the second is broad and general, so * * * the facts recited would compel the conclusion that it was not intended to allow the Legislature to increase the jurisdiction of local inferior courts beyond that of the County Courts as prescribed by the Constitution."

By the law in force when this Bronx county act was passed, the City Court of New York had jurisdiction over the territory which was then included within the old city of New York. It was not a County Court, but an inferior court of record, having jurisdiction in common-law actions and empowered to render judgment not to exceed $2,000. In several respects its jurisdiction differed from that of the County Court. Thus an action could be brought in that court for an amount exceeding $2,000; the only limitation upon its jurisdiction being that it could grant no judgment for a sum in excess of that amount. There was also a difference in the service of process and the jurisdiction of its judges. By section 1345 of the New York Charter (chapter 378 of the Laws of 1897) it was provided that the City Court should be continued, and the said court and the justices thereof should have the same power and jurisdiction as is now conferred upon them by law, provided, however, that in sections 338, 3165, 3169, 3170, and 3268 of the Code of Civil Procedure the word "city" should be construed to mean and apply to the territory within the city of New York as it existed and was constituted prior to the 6th day of June, 1895. There is no question but what this provision was constitutional, as it simply continued the existence of the City Court as it had existed prior to the adoption of the Constitution of 1894, and the territory over which it had jurisdiction was not limited to the county of New York, but was to apply to the territory within the city of New York as it existed and was constituted prior to the 6th day of June, 1895. The City Court was therefore an existing court of common-law jurisdiction which had jurisdiction over the territory embraced within the city of New York as it existed on the 6th day of June, 1895. As before stated, it was not a County Court; the jurisdiction was different; and the jurisdiction was not limited in express terms to the then county of New York, but extended over the territory of the city of New York as it existed on the 6th day of June, 1895. By the Bronx County Act this jurisdiction was by the express terms of the act not affected. It was left merely as it was at the time the Constitution of 1894 was adopted, but there was created a new county out of part of the territory which had before been a part of the county of New York. I do not think that anything in the act creating the new county of the Bronx repealed section 1345 of the New York Charter of 1897. That act remained in full force and effect; and the City Court still had jurisdiction over the territory "within the city of New York as it existed and was constituted prior to the 6th day of June, 1895." And even without this provision of the Bronx County Act, the constitutionality of which is attacked, the City Court would have jurisdiction over the same territory that

it had before. The Court of Appeals have expressly held that chapter 934 of the Laws of 1895 is constitutional. People ex rel. Henderson v. Supervisors, 147 N. Y. 1, 41 N. E. 563, 30 L. R. A. 74. Section 6 of the Bronx County Act provides that no provision of the act should affect, within the county of the Bronx, the jurisdiction of the City Court of New York or the Municipal Courts of the city of New York. Without that provision, the City Court of New York would have still continued; and section 11 of the Bronx County Act provides that all acts and parts of acts applicable to the county of New York, not inconsistent with the act, shall continue in full force and effect, thus simply recognizing the existing condition.

Therefore, I am inclined to think that nothing in the Bronx County Act affected the jurisdiction of the City Court as it existed prior to the adoption of the Constitution of 1894, and that the defendant is therefore entitled to judgment.

CLARKE, J., concurs.