In the Matter of the Estate of SUSSMAN LEVINSKY, Deceased.

Surrogate's Court, New York County, June 29, 1932.

*Reuben S. Levins*, for the administrators, appellants.

*Samuel Flatow*, for the respondent.

FOLEY, S. (1) The evidence in this contested discovery proceeding indisputably established that the decedent in his lifetime had opened a joint savings bank account with his son, Louis M. Levins, the respondent. The signature card described the nature of the rights of the parties as "joint tenants, either to draw, survivor to take all." A similar statement was stamped upon the savings bank book. In such a situation the effect of section 249, subdivision 3,

of the Banking Law has been clearly defined by the Court of Appeals in three recent decisions: *Moskowitz* v. *Marrow* (251 N. Y. 380); *Marrow* v. *Moskowitz* (255 id. 219), and *Matter of Porianda* (256 id. 423). These cases held that the form, alone, of the account vests in the survivor the title to moneys remaining in the account at the death of the first joint tenant. The ownership is conclusive under the statute and the presumption is irrebutable. When a bank account is opened in the form prescribed by the statute, a presumption at once arises that the interest of the depositors is that of joint tenants. With respect to withdrawals made before the death of the first joint tenant, it continues to be a mere presumption not conclusive or irrebutable in character.

In the pending case dispute arose only as to the ownership of the joint fund left at the death of the decedent. The surrogate held that the rule fixed in the Banking Law applied and that the record did not contain any testimony sufficient to carry the question to the jury. A direction of verdict was, therefore, required in favor of the respondent, the survivor. (*Matter of Case,* 214 N. Y. 199, 204.)

The principal reliance of the administrators rested upon certain alleged declarations of the decedent made after the opening of the account. It was claimed that they refuted the actual form of the transaction. These declarations were excluded by the surrogate as self-serving and hearsay. (*Gick* v. *Stumpf*, 204 N. Y. 413.) They were not admissible because they were made subsequent to the time of the opening of the joint account. " Such hearsay declarations were unavailing to divest a title, or to shatter the presumption that a title was intended." (CARDOZO, Ch. J., in *Marrow* v. *Moskowitz, supra.*)

The remaining evidence on this issue was wholly insufficient to carry the issue to the jury. Subdivision 3 of section 249 of the Banking Law also provides that the making of a deposit in joint tenancy with survivorship shall " in the absence of fraud or undue influence, be conclusive evidence." The testimony of the savings bank official, a disinterested witness, was particularly convincing as to the freedom of choice and voluntary action of the decedent at the time of the opening of the account and as to the fact that the decedent desired the account to be in survivorship form. There was no testimony whatsoever in the record tending to establish fraud, misrepresentation, undue influence or other invalidity in the original transaction between the parties. Regardless of any reservations which may have existed in the decedent's mind, or secret instructions for a distribution subsequent to his death, the form of the account

determined the reciprocal rights of the parties and established the title of the survivor.

It is unnecessary to discuss at length the further contention that the respondent made certain admissions after the death of the decedent tending to prove a declaration of trust of the fund. The making of any such statements was denied by the respondent. At most they appear to have been an expression of a purpose to carry out certain requests of his father with respect to a division of the moneys. These instructions may have been precatory or tending to establish a moral, rather than a legal obligation to divide and distribute the funds. The transaction between the decedent and the respondent was completed at the time of the opening of the account and the rights became fixed under the statute at the death of the decedent. Assuming the inference from these alleged admissions, which is most favorable to the administrators, if there was any declaration of trust, it was not made in favor of the decedent or his estate, but for the benefit of the surviving members of his family. Under no circumstances, therefore, could the moneys be brought back into the estate in a discovery proceeding since the legal title had passed from the decedent to the respondent and no equitable rights in the fund remained in the administrators in their representative capacity.

(2) Similarly, the evidence with respect to the ownership by the decedent at the time of his death of either the whole or any part of the business formerly conducted by him was wholly insufficient to carry the second question to the jury. It appears that from the bill of sale in evidence, made by the decedent, and duly acknowledged by him, that a few months before his death he had sold his entire interest in the business to his son, the respondent, for the sum of $500. The consideration was proven to have been paid. The subsequent declarations of the decedent inconsistent with the transfer were not competent to contradict the form of the transaction. (*Gick* v. *Stumpf, supra; Marrow* v. *Moskowitz, supra.*) The testimony of the witnesses for the estate, however, appears to substantiate the respondent's claims on this question.

The discovery proceeding is dismissed upon the merits. A decree may be submitted on notice, holding that the assets sought to be recovered are the property of the respondent and are not assets of the estate.