In the Matter of the Estate of MARGARET A. HOLMES, Also Known as MAGGIE HOLMES, or MAGGIE A. HOLMES, Deceased.

Surrogate's Court, Suffolk County, May 24, 1934.

*Oliver E. Mosser*, for the petitioner.

*John M. Greene*, for the administrator.

PELLETREAU, S.  The decedent, Maggie Holmes, in her lifetime had an interest account in her own name in the Union Savings Bank of Patchogue and in the Oystermen's National Bank of Sayville. She was advanced in years and feeble. She was unmarried and in 1933, upon an authorization in writing subscribed by her, each of said banks, in compliance with her request, issued signature cards making the account payable to said Maggie Holmes, or Benjamin Holmes, Jr., her nephew, payable to either or the survivor. The said Benjamin Holmes, Jr., was a nephew of the decedent, had taken care of his aunt's affairs, and looked after her generally for a number of years.

The latter part of section 249 of the Banking Law reads as follows: " The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either such savings bank or the surviving depositor is a party, of the intention of both depositors to vest title to such deposit and the additions thereto in such survivor."

While the decedent was advanced in years and feeble, I believe she knew what she was doing when she authorized the transfer and that no fraud was practiced upon her.  It follows, therefore, that the two accounts at the death of the decedent vested in the survivor.  The accounts were joint.  The effect of the above provision of the Banking Law is passed upon in *Moskowitz* v. *Marrow* (251

N. Y. 380), where the court held: " As to what the true agreement was, the door to the controversy is open during the joint lives of the depositors. *It is closed upon the death of either." As to deposits then subsisting, the presumption becomes conclusive as to the title of the survivor.*

That rule was followed in this department in the case of *Newhouse* v. *Harrinck* (227 App. Div. 392), and was clearly and recently applied in *Matter of Levinsky* (145 Misc. 318).

In my opinion upon the death of Maggie Holmes the balance in each of said joint accounts became the property of Benjamin Holmes, Jr.

Decree accordingly.