In the Matter of the Administration of the Estate of AMALIA KOHLER, Deceased. EDMOND G. DUPREE and BARBARA DUPREE, Appellants; WILLIAM GRAF, as Administrator, etc., of AMALIA KOHLER, Deceased, Respondent.— In a proceeding to fix an allowance to the attorney for the administrator, order of the Surrogate's Court of Nassau county, in so far as an appeal is taken therefrom, reversed upon the law, without costs, and application denied, without costs. In our opinion, it was beyond the power of the surrogate to direct the payment to the adminis- trator's attorney of a counsel fee from property determined to belong to the appellants and not to the estate. Lazansky, P. J., Young, Johnston, Adel and Taylor, JJ., concur.

In the Matter of the Petition of FRED B. SMITH to Prove the Last Will and Testament of PHEBE R. LOWE, Late of the County of Kings, Deceased. FRED B. SMITH, as Executor, etc., of PHEBE R. LOWE, Deceased, Respondent; WILLIAM D. DUNHAM and JOHN A. DUNHAM, Appellants.— Order of the Surrogate's Court of Kings county denying the petitioner's motion to set aside the notices of exami- nation of the petitioner and Jessie F. Smith, his wife, and directing the exami- nation to proceed as to items 1 and 2 only. Order in so far as it fails to provide for the examination as to item 3 affirmed, with ten dollars costs and disburse- ments to respondent, payable out of the estate. The examination, to the extent permitted, shall proceed on five days' notice. While the value of a testator's estate is a material subject of inquiry on the issue of undue influence (*Matter of Woodward*, 167 N. Y. 28; *Matter of Sperry*, 138 Misc. 549), we cannot say the surrogate wrongfully exercised his discretion in denying the examination in the instant case. The petition shows the testatrix died seized of no real property and that the value of her personal property does not exceed $9,000. It does not appear she died seized of other property or property of greater value. Hagarty, Davis and Johnston, JJ., concur; Lazansky, P. J., and Carswell, JJ., dissent.

In the Matter of the Petition of ROBERT NEIDHART, Appellant, for the Discovery of Assets of the Estate of GEORGE C. NEIDHART, Deceased. JANE SMITH, Respond- ent.— Order of the Surrogate's Court of Queens county dismissing a discovery proceeding under section 205 of the Surrogate's Court Act, reversed on the law, with costs to appellant, payable out of the estate, and the matter remitted to the surrogate for hearing. Assuming, without deciding, that the petitioner did not make out a *prima facie* right to the proceeds of the two policies of insurance when it was established that the policies were in good standing at the date of decedent's death, he nevertheless should have been permitted to adduce the facts upon which the respondent obtained the proceeds. He should have been permitted to utilize such admissions as were made by the respondent in her proofs of claim by way of then establishing that such representations were false and that respondent was not equitably entitled to the proceeds of the policies under the facility of payment clause, even though those payments' were made under circumstances that justly entitle the insurance company to protection. It was error to sustain the respondent's objection to the questions propounded and the proof offered at folios 35 and 39. The respondent should have been put to her proof. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur.