In the Matter of Proving the Last Will and Testament of CHARLES A. LIMBERG, Also Known as CHARLES LIMBERG, Deceased, as a Will of Real and Personal Property. WILLIAM C. LIMBERG, as Executor, etc., Named in the Last Will and Testament of CHARLES A. LIMBERG, etc., Deceased, Appellant; LUCILLE LIMBERG and GLORIA LIMBERG, Infants, etc., by Their General Guardian, PAUL KALLMEYER, Respondents.— In a proceeding in the Surrogate's Court of Queens county for the probate of a paper writing dated May 14, 1936, propounded as the last will and testament of the decedent, objections were filed by his grandchildren, who were two of his heirs at law and next of kin. Upon the hearing of the objections all were in effect withdrawn except those two which related respectively to alleged undue influence and fraud. The factum of the proposed paper writing as a will and testamentary capacity were in effect conceded. Only the issues based upon the charges of undue influence and fraud were the subject of proof. These issues were submitted to the jury by the surrogate upon framed questions over the objection and exception of the proponent. The jury answered each of the two questions in the affirmative. Upon that verdict a decree denying probate upon the grounds of undue influence and fraud was duly entered. From that decree the proponent, the executor named in the propounded paper, appeals. Decree reversed on the law, findings of the jury set aside, and matter remitted to the Surrogate's Court with direction to admit to probate the paper propounded as the last will and testament of the deceased, dated May 14, 1936, by which he devised and bequeathed all his property to his sole surviving son and heir at law, to the exclusion of the contestants, his grandchildren, who were the children of decedent's deceased son; with costs to appellant and to respondents, payable from the estate. The proofs were wholly insufficient to warrant the submission to the jury of the questions of undue influence and fraud. The record was barren of proof in this respect. The evidence as to testator's declarations, written and oral, standing alone, as it does in this record, and without direct or circumstantial evidence of undue influence or fraud, does not constitute legal proof of the facts stated in those declarations and is unavailing to create an issue of fact for the jury. (*Smith* v. *Keller*, 205 N. Y. 39, 44, and cases there cited.) Those declarations were not even admissible as evidence without preliminary direct or circumstantial proof of acts on the part of those charged with undue influence and fraud, from which the inference thereof might be drawn. (*Gick* v. *Stumpf*, 204 N. Y. 413, 417.) The evidence discloses an absolute and abiding purpose and intent on the part of the deceased to leave his property by will in the way provided in

the propounded paper writing. Hagarty, Carswell, Davis, Adel and Taylor, JJ., concur.