HORST et al. v. D. G. YUENGLING BREWING CO.

(Supreme Court, Appellate Division, First Department. January 24, 1896.)

DISCOVERY—EXAMINATION OF OFFICERS OF CORPORATION.

> In an action against a corporation on a contract made by a former corporation, to the business of which defendant succeeded, plaintiff predicated defendant's liability on the assumption by defendant of its predecessor's obligations, which defendant denied. Plaintiff has no proof that the persons who executed the contract on behalf of the corporation were authorized to do so, or that defendant had assumed the liability. *Held,* that an order directing the examination of defendant's president before trial, and requiring him to produce certain books and papers of defendant, would be granted, though plaintiff was in possession of the contract sued on.

Appeal from special term, New York county.

Action by Paul R. G. Horst and others against D. G. Yuengling Brewing Company. From an order vacating an order directing defendant's president to appear before a referee for examination before trial, and to produce certain books and papers of defendant, plaintiffs appeal. Reversed.

The affidavit of Paul R. G. Horst in support of the motion is as follows:

(1) I am one of the plaintiffs in this action, and reside at No. 131 West Seventy-Eighth street, New York. The other plaintiffs are Louis A. Horst, residing in London, England, and E. Clemens Horst, residing in Sacramento, California. The plaintiffs' attorneys are Briesen & Knauth, whose office address is 229 Broadway, New York City. The defendant is a domestic corporation, as the deponent is informed and believes, and has its principal place of business at One Hundred and Twenty-Eighth street, in the city of New York. This action was commenced by service of the summons on the defendant on March 4, 1895; and the defendant has appeared in this action by its attorneys, Guggenheimer, Untermyer & Marshall, whose office is at No. 46 Wall street, in the city of New York.

(2) The nature of the action and of the defense interposed by the defendant, as shown by the complaint and answer, copies of which are hereto annexed, is as follows: The plaintiffs are, and for a number of years have been, partners in the business of hop dealers, in the city of New York. On or about April 29, 1892, they entered into a large number of contracts with the D. G. Yuengling, Jr., Brewing Company, a domestic corporation, being the predecessor in business of the defendant, for the delivery of large quantities of hops at different stated times, such deliveries to cover a period of about four years. These contracts were made in writing, and signed by the plaintiffs, and by David G. Yuengling, Jr., manager, and John M. Moser, treasurer, claiming to act on behalf of the said D. G. Yuengling, Jr., Brewing Company. Following is an exact copy of one of these contracts:

"Hop Contract.

"Memorandum of agreement, made and entered into by and between Horst Brothers, doing business in the cities of New York and San Francisco, parties of the first part, and D. G. Yuengling, Jr., Brewing Co., parties of the second part, witnesses: That the said parties of the first part agree to sell and deliver to the parties of the second part, and that the parties of the second part agree to purchase, pay for, and receive from the parties of the first part, fifty (50) bales, prime Pacific Coast hops of the crops of 1894, three and one-half pounds tare to be deducted on each bale. Said hops to be delivered at dock or store, New York City, and to be paid for in net cash, ten days from date of arrival, at the rate of twenty (20) cents per pound. Time of shipment, October, 1894, except as hereinafter provided. If at any time a difference of opinion shall exist regarding the quality or condition of any hops submitted or tendered under this agreement, each party shall select an arbitrator, to whom the question of the quality and condition shall be submitted, and in case of their disagreement a third arbitrator shall be selected by the two thus chosen, and the decision of a majority of the three shall be final; and in case the decision shall be that the hops tendered are not equal to the quality above called for, the parties of the first part shall, within 30 days after receipt of written notice of such decision, submit samples, or tender delivery to the parties of the second part, other hops, in fulfillment of this agreement, and parties of the second part agree to receive same. In witness whereof, the said parties have hereunto set their hands, New York, this 29th day of April, 1892.          Horst Bros.

"D. G. Yuengling, Jr., Brewing Co.
"D. G. Yuengling, Jr., Manager.
"John M. Moser, Treasurer."

The originals of these contracts are in the possession of the plaintiffs, and ready to be produced at the trial. At the end of the year 1893, however, the

said D. G. Yuengling, Jr., Brewing Company went out of business, and transferred all its business and assets to a newly-formed corporation, which is the defendant in this action, and was incorporated, as deponent is informed and believes, in December, 1893, under the name of D. G. Yuengling Brewing Company, under the laws of the state of New York, for the purpose of re-organizing and carrying on the business of the D. G. Yuengling, Jr., Brewing Company. This new company is now carrying on the same business at One Hundred and Twenty-Eighth street, in the city of New York, at the former place of business of the D. G. Yuengling, Jr., Brewing Company. Deponent is informed and believes that at or about the said time, to wit, in the month of December, 1893, the new company entered into an agreement with the former company, whereby the said new company, the defendant, was to buy in all the personal property, effects, and chattels of every kind, including the stock in trade, good will, and book accounts of the said D. G. Yuengling, Jr., Brewing Company, the old company, in consideration whereof the defendant was to assume all the debts, obligations, and liabilities of every kind and description, of the D. G. Yuengling, Jr., Brewing Company. This agreement, as deponent is informed and believes, was, in the beginning of the year 1894, carried out between the parties to it. Nevertheless, the said D. G. Yuengling Brewing Company, the defendant in this action, has refused to perform, on its part, the contracts made with the plaintiffs by the D. G. Yuengling, Jr., Brewing Company for the delivery of hops in the months of October, November, and December, 1894, and January and February, 1895, as alleged in the complaint, although the hops due in these months were duly tendered by the plaintiffs to the said defendant at its place of business. The price of hops has, since the making of the said contracts sued on, greatly fallen. For this refusal to perform the said contracts, the plaintiffs have brought this action for the recovery of the sum of ninety-five hundred dollars ($9,500) as damages for breach of said contracts. The defendant's answer is a general denial of the allegations of the complaint, excepting those relating to the incorporation of the defendant company and its refusal to accept the goods offered to it by the plaintiffs.

(3) The assumption by the defendant of the said contracts made by the D. G. Yuengling, Jr., Brewing Company with the plaintiffs is denied by the defendant's answer. The plaintiffs, however, have no means to prove such assumption, all the evidence and information regarding this point being particularly in the knowledge and possession of the defendant; also, the authority of the said David G. Yuengling, Jr., and the said John M. Moser, to enter into the said contracts with the plaintiffs on behalf of the D. G. Yuengling, Jr., Brewing Company, must be proven at the trial by the plaintiffs, as the said defendant denies the making of the contracts. The plaintiffs, however, have no means to prove the extent and scope of the authority of these parties to act for the said D. G. Yuengling, Jr., Brewing Company, and the defendant is in possession of all the knowledge and evidence regarding this matter, it being the successor of, and standing in the place of, the said D. G. Yuengling, Jr., Brewing Company, and it having possession of all the books of minutes and other records of the said D. G. Yuengling, Jr., Brewing Company, as deponent is informed and believes. Deponent is advised by his counsel, and verily believes, that an examination of the defendant, through David G. Yuengling, Jr., who is its president, and an inspection of any and all agreements made between the said defendant and the D. G. Yuengling, Jr., Brewing Company, and all the books of minutes of directors' and stockholders' meetings, agreements of employment of the said David G. Yuengling, Jr., and John M. Moser, and other records of or in possession of the said defendant, relating to the assumption of all the obligations of the D. G. Yuengling, Jr., Brewing Company by the defendant, and to the making of the said contracts, and to the authority of said David G. Yuengling, Jr., and John M. Moser, to make said agreements, is indispensably necessary to the plaintiffs, to enable them to prepare for trial in this action. The plaintiffs are unable to procure said evidence and information other than by the examination of the defendant, through one of its officers, and the inspection of its said books and records aforesaid. Deponent verily believes that the said David G. Yuengling, Jr., the president of the defend-

ant company, has full knowledge as to the matters hereinbefore set forth, as he was the manager of the D. G. Yuengling, Jr., Brewing Company, and, as such, conducted the negotiations with the plaintiffs, and signed the said contracts on behalf of said company, and is now the president of the defendant company, and has personally stated to deponent that the said contracts had been assumed by the defendant company, which statement, however, was subsequently contradicted by defendant's attorneys.

Your deponent further says that, as he is informed and believes, the D. G. Yuengling, Jr., Brewing Company is absolutely insolvent, and, after the transfer of its assets to the defendant, the plaintiffs will not be able to recover anything from it. This application is made in good faith, for the very purpose stated in this affidavit, and none other, and plaintiffs intend to use the testimony to be taken on the trial of this action. No previous application for the accompanying proposed order has been made.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Antonio Knauth, for appellants.
Moses Weinman, for respondent.

BARRETT, J.    A clear case was made out for the examination of the defendant's president.    It is true that the plaintiffs have in their possession the written contracts upon which they sue, but they have no proof that Yuengling and Moser were authorized by the corporation to execute these contracts on its behalf.    Nor have they proof of the assumption by the defendant of such contract obligations. The application was not in the least speculative.    It was a proper effort to secure legal evidence, and was fully justified by a declaration of the defendant's president to the effect that the contracts in question had been assumed by the defendant company.    A proper case was also made out for the production by the witness of books and papers, as authorized by the seventh subdivision of section 872 of the Code of Civil Procedure.    The respondent is in error in supposing that the plaintiffs' object was a discovery or an inspection of these books and papers.    No such discovery or inspection is authorized under these proceedings.    What the witness is required to do is simply to produce the books and papers upon his examination. The effect of the order in this regard is the same as a subpœna duces tecum upon the trial.    What the plaintiffs would be permitted to do upon the trial, under a subpœna duces tecum, they may do now under this order,—no more; no less.    Their object is to prove their case by the testimony of the witness, and by such documentary evidence as he may produce under the order.    This is plainly a case where the proof of authority and assumption must, in the main, be documentary; and it was entirely proper to require the witness to produce such documentary evidence, not, as already suggested, for "inspection," but as an adjunct to the examination of the witness, and to enable the plaintiffs to put the documentary evidence in as a part of such oral examination.

The order appealed from should be reversed, with $10 costs and disbursements of the appeal, and the motion to vacate the order should be denied.    Upon the settlement of the order a date can be fixed when the examination under the original order should proceed.    All concur.