MICHAEL v. ELLWANGER.

(Supreme Court, Appellate Division, First Department. February 8, 1901.)

1. BILLS AND NOTES—DEFENSES—AGREEMENT—PERFORMANCE—PURCHASE AFTER MATURITY.

In April, 1894, a brewing company furnished the defendant certain saloon fixtures, valued at $1,000, under an agreement that, if defendant purchased and paid for its beer for two years, the fixtures would belong to defendant, and the mortgage thereon should be canceled, and he would owe nothing therefor. August 24, 1894, the company took defendant's note for the $1,000, due one day after date, and a mortgage on the fixtures, stating that it was only a matter of form. There was no consideration for the note or mortgage, except the fixtures. March 13, 1895, the note was assigned to plaintiff. The defendant purchased beer of the company for two years and six months, and paid therefor. *Held*, that the agreement and performance thereof by defendant constituted a complete defense to the note, and that plaintiff, having purchased the note after maturity, could not recover thereon.

2. CONTRACT—EVIDENCE—REBUTTAL.

In April, 1894, a brewing company furnished to defendant certain saloon fixtures, under an oral agreement made between its president and defendant that, if defendant purchased and paid for the company's beer for two years, the fixtures would be his, and he would owe nothing therefor. In August, 1894, defendant signed a written agreement wherein, for a nominal consideration of $1, he agreed to purchase beer of the company for one year; and defendant's bookkeeper, who was not an officer of the company, knew of no other agreement. *Held*, that the written agreement did not rebut or disprove the prior agreement.

Ingraham, J., dissenting.

Appeal from trial term, New York county.

Action by Leopold Michael against Charles Ellwanger. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, HATCH, O'BRIEN, and INGRAHAM, JJ.

M. Hallheimer, for appellant.

Edward Miehling, for respondent.

HATCH, J. This action was brought upon a promissory note made by the defendant to the Fred Hower Brewing Company. The note is dated August 24, 1894, payable one day after date, and is for the sum of $1,000 and interest. It is averred in the complaint that this note was sold, assigned, and transferred by the Fred Hower Brewing Company to the plaintiff, and that, in an action in the supreme court in which this plaintiff was plaintiff and the said brewing company and others were defendants, a judgment was duly made and entered by which it was adjudged that said note, among others, be sold at public auction, and that the same was sold pursuant thereto, and the plaintiff became the purchaser thereof, and the same was duly transferred to the plaintiff, and he became the owner and holder thereof. The defendant sets up three separate defenses to the alleged cause of action. He avers that the brewing company placed in defendant's saloon certain saloon fixtures, which were valued at $1,000, and that he executed a chattel mortgage upon the fixtures, together with a note or bond for that amount, upon the agreement that if at any time he should deliver up the fixtures to the brewing company the note and chattel mortgage should be canceled and discharged; that he subsequently did notify the brewing company to take away their fixtures, and they refused to do so, and that he was compelled to and did store them on behalf of the said company; that at or about the date of the note an agreement was entered into between the defendant and the brewing company to the effect that if the defendant should sell the beer of the company for the period of two years, and pay therefor, the said chattel mortgage and the note or bond given by the defendant should, in consideration thereof, be canceled and discharged, and this defendant should become the absolute owner of the fixtures; and that the defendant did sell such beer, and paid therefor, for a period exceeding two years, of which facts the plaintiff had notice at the time he purchased the note in question. By the third defense he avers the execution of the mortgage, and the provisions for sale in case of default in payment; that neither the brewing company, nor its successors or assigns, have taken any proceedings to sell the mortgaged property pursuant thereto; and that a sale thereunder would have realized more than the amount secured to be paid thereby.

It is difficult to tell from the record before us at just what time this note was transferred to the plaintiff, but it is quite clearly established by the testimony that it was after its maturity. The counsel for plaintiff, in his points, attempts to throw some doubt upon this question, but plaintiff's own witnesses establish the fact

beyond question. Benjamin, who was bookkeeper of the brewing company at the time of the transaction, testified that it was transferred to the plaintiff long after the making of the note. And the plaintiff's son testified that the notes and mortgage were transferred on March 13, 1895. As it bore date August 24, 1894, and was due one day after date, there can be no question that the transfer was after maturity, so that the plaintiff took it subject to any equities existing in favor of the defendant maker against the brewing company. The defense upon which the defendant relied upon the trial, and which the testimony and proofs offered tend to establish, is that set up in his second separate defense,—that by the agreement alleged, and its performance by him, the chattel mortgage and the note or bond which it was given to secure should be canceled and discharged. The defendant testified that he had a conversation with Mr. Fred Hower, the president of the brewing company, in April, 1894, after the fixtures had been put in his place, in which it was said that if he took beer for two years he should get the mortgage canceled, and he owe nothing (that Mr. Hower said that); that he said: "All right. I am satisfied;" that he (Hower) said the signing of the note and mortgage was only a matter of form; and that he did not receive any money. He further testified that he took and paid for the beer of this company for about two years and six months. In this he is fully corroborated by Hower. No direct evidence was offered by the plaintiff in rebuttal of this proof, and, standing alone, it constitutes a complete defense to the cause of action alleged. The only evidence introduced by the plaintiff bearing upon this issue is a written memorandum of an agreement made on the —————— day of August, 1894, between the Fred Hower Brewing Company, Limited, and the defendant, by the terms of which the defendant agreed, in consideration of $1, to use the beers of the company in the saloon premises known as No. 14 Duane street, in the city of New York, for a period of one whole year from the date thereof; a chattel mortgage executed by the defendant to the brewing company, dated August 24, 1894, to secure the payment of the sum of $1,000. This mortgage covers and creates a lien upon the fixtures placed in the defendant's saloon by the brewing company. The witness Benjamin was recalled and testified that the agreement of August, 1894, by which defendant was to take beer from the company for one year, was executed on the same day as the note in question, and that he knew of no other agreement. But upon cross-examination he admitted that he was not an officer of the company, and that he was not present when the conversation between the president of the company and defendant took place. This evidence cannot be said to rebut, nor, as we view it, even to militate against, the testimony for the defendant upon the question of the making of the agreement in April. No consideration is named in it, other than $1, and it might well be said that it supports the defendant's position.

The instrument printed in the record as defendant's Exhibit A, whether introduced by the plaintiff or defendant, could have no relevancy to the issues. It is dated in May, 1891, more than three years

before the making of the note, and refers to fixtures in premises at No. 12 Duane street. It appears by the record that this exhibit was in fact introduced by the plaintiff in connection with his cross-examination of defendant's witness Hower, but was marked at the time of introduction as defendant's exhibit. It is contended by the appellant, however, that this exhibit is important; and he argues that the evidence shows that the conversation between the witness Hower and the defendant had no reference to the transaction in August, 1894, but related to this mortgage, Exhibit A. There is no force to this argument. The mortgage in question did not cover the same property. It was over three years old, and the testimony of the witness Hower on cross-examination shows conclusively that he was speaking with reference to the chattels placed by his company in No. 14 Duane street; for his attention was particularly called by counsel to the mortgage of August 24, 1894, which covered those chattels, and to no other. At that time the mortgage, Exhibit A, had not been introduced in evidence or referred to.

No error was committed by the court in the rulings upon the trial presented by the plaintiff's exceptions, and we can find nothing in the record calling for a reversal of the judgment.

The judgment and order should be affirmed, with costs to the respondent.

VAN BRUNT, P. J., and RUMSEY and O'BRIEN, JJ., concur.

INGRAHAM, J. I do not concur in the affirmance of this judgment. The conversation between the defendant and the brewing company testified to was in April, 1894. The note in question, whereby the defendant agreed to pay $1,000, was made the following August, and at the time the note was given a contract was made between the parties by which the defendant agreed to take the beer for one year. There is no evidence that at the time the note was given, or at any subsequent period, there was any modification of the agreement to pay $1,000, or that this conversation in April had any relation to this particular promissory note. The instruments executed in August speak for themselves, and certainly the defendant was not justified in relying upon a conversation previous to April as a defense to his promise contained in the note in suit to pay $1,000. By the instrument executed in August, 1894, the parties must have intended to express the whole agreement between them. That agreement was that this defendant would pay to the brewing company the sum of $1,000 one day after date, and would buy beer from the brewing company for one year; and the general principle is that where a contract has been reduced to writing, the terms of which are clear and unequivocal, the instrument itself is the highest evidence of the nature of the agreement between the parties, and that parol evidence of a different oral understanding alleged to have been had before or contemporaneously with its execution is inadmissible to vary, qualify, or contradict its terms. "The instrument itself is the best evidence of the drawer's obligation, and parol evidence of an agreement made contemporaneously with

the drawing is inadmissible to vary or qualify it." 4 Am. & Eng. Enc. Law (2d Ed.) p. 484. Here the defendant, having given the promissory note, by which he agreed to pay to the payee a sum of money upon a day named, seeks to avoid liability by proving a prior verbal agreement, by which, upon certain conditions, he was not to pay anything. This prior agreement, being made long before the execution of the note, certainly cannot be allowed to contradict his express written promise.