(125 App. Div. 741.)

GIBBONS v. SAN LUIS MINING CO. et al.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

1. DEPOSITIONS—WITNESSES—SUBPŒNA DUCES TECUM.

On a reference under Code Civ. Proc. § 873, to take the deposition of defendant M. individually and as executrix, and of defendant corporation, by said M., its secretary and treasurer, she being unable on her examination, had in part concerning some of the records of the corporation, to recollect the facts, but admitting that her recollection could be refreshed, the issuance by the referee of a subpœna duces tecum, requiring the corporation to produce books and records, for the purpose of refreshing the recollection of the witness, is proper, whether or not the entries were made by witness, as presumptively some of them were.

2. SAME—MODIFICATION OF ORDER.

    The modification of the original order for taking the deposition of defendant M. and of defendant corporation by said M., its secretary and treasurer, by the striking out of the requirement for production of books and records by the corporation, is not an adjudication that no production of the books and records could be required, so as to prevent the issuance of a subpœna duces tecum for production of certain of such papers, on its appearing, on the examination, that they were necessary for refreshing the recollection of the witness; the order as modified authorizing the complete examination of the witness and corporation.

    Appeal from Special Term.

    Action by John J. Gibbons, as director, against the San Luis Mining Company, impleaded with others. From an order vacating a subpœna duces tecum, plaintiff appeals. Reversed, and motion denied.

    Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

    Chester A. Jayne (Samuel B. Watson and Walter B. Raymond, on the brief), for appellant.

    Charles M. Demond, for respondent San Luis Mining Co.

    LAUGHLIN, J. The subpœna was issued by a referee duly appointed by an order of a justice of the Supreme Court to take the deposition of the defendant Myra B. Martin, individually and as executrix of the last will and testament of Walter S. Logan, deceased, and of the defendant the San Luis Mining Company by said Myra B. Martin, its secretary and treasurer, pursuant to the provisions of section 873 of the Code of Civil Procedure. The subpœna required the production of certain books and records of the corporation for the purpose of having them examined by the witness during her examination to refresh her recollection. Upon her examination, which has been had in part, it appears that with respect to certain matters deemed material to the issue, she was unable to recollect the facts, but admitted that her recollection could be refreshed. Some of the records concerning which she was thus interrogated and which the subpœna required the corporation to produce were presumptively kept by her or contained entries made by her as secretary or treasurer, but whether or not the entries were made by her they may refresh her recollection, and their production was properly required by the subpœna.

    The original order for the examination required the production of certain books and records by the corporation, embracing those specified in the subpœna. On motion at Special Term it was modified by striking out this provision. The learned counsel for the appellant urges that this was an adjudication that no production of the books and papers of the corporation could be required. Such is not the effect of the order modifying the original order. The order required the production of very many books and records of the corporation, and the court on the facts presented in advance of the examination, in its discretion, relieved the corporation from the provision of the order requiring it to produce its records. The order, however, as it stands, authorizes the complete examination of the witness and of the corporation, through the officer specified, as fully as the same might be had upon the trial, and, upon its appearing on the examina-

110 N.Y.S.—7

tion that all of the material knowledge possessed by the witness could not be obtained unless she had before her certain books and records of the corporation for examination by her to refresh her recollection and enable her to testify, it was perfectly proper for the referee to issue a subpœna duces tecum in behalf of the plaintiff to require the corporation to produce the books and records, not for inspection by counsel for the plaintiff, nor for the purpose of introducing them in evidence with a view to contradicting the witness or otherwise, because that must be deferred until the trial, but for the purpose of refreshing the recollection of the witness, and enabling her to give the material testimony sought to be obtained.

It follows that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs, and the respondent° corporation should be required to produce the books and records specified in the subpœna before the referee at a time and place to be specified in the order on the settlement thereof. All concur.

---

(125 App. Div. 750.)

## DONEGAN & SWIFT v. HUBBARD et al.

(Supreme Court, Appellate Division, First Department. May 8, 1908.)

JUDGMENT—DEFAULT—SETTING ASIDE—GROUNDS—CONDITIONS.

The prevailing party on a motion to place a cause on the short-cause calendar must serve a copy of the order granting the motion on the other party, and where he fails to do so, or to give any notice to the other party of the disposition made of the motion, a default entered against such party will be set aside on motion without conditions.

Appeal from Special Term.

Action by Donegan & Swift against Norman Hubbard, Jr., and others. From an order setting aside a default judgment in favor of plaintiff upon certain conditions, defendants appeal. Modified.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

O. B. Gould, for appellants.
Thompson & Salisbury, for respondent.