COHEN v. ROTHSCHILD et al. (No. 5887.)

(Supreme Court, Appellate Division, First Department. May 29, 1914.)

1. TRIAL (§ 3*)—SEPARATE TRIAL OF ISSUES—STATUTES.

In a customer's action against a broker to recover money used without authority in fictitious transactions for his account, in which the issues arose on denial in the answer and on a counterclaim on accounts stated and the reply thereto, in which accounts stated, if established, would defeat a recovery, there was proper case for the trial of the accounts stated first, provided the record showed an order therefor as authorized by Code Civ. Proc. §§ 967, 973, relating to the order of disposition of issues and to trials of separate issues.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 6, 7; Dec. Dig. § 3.*]

2. DISCOVERY (§ 84*)—SCOPE—EXISTENCE OF OTHER REMEDY.

In such case and pending separate trial of defendant's accounts stated, an order for the inspection and discovery of defendant's books, including the business of other of defendant's customers, in the absence of any showing that the information to which plaintiff was entitled could not be obtained by a subpœna duces tecum for the production of such books and by examination of defendant, his bookkeeper or other employés, was unnecessary.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 108; Dec. Dig. § 84.*]

Appeal from Special Term, New York County.

Action by Louis Cohen against Morris H. Rothschild and another. From an order granting a discovery and inspection, defendants appeal. Reversed, and motion denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

John R. Abney, of New York City (Osmond K. Fraenkel, of New York City, on the brief), for appellants.
Edward D. Brown, of New York City, for respondent.

LAUGHLIN, J. [1] This is an action by a customer against a firm of brokers to recover moneys deposited on opening an account for the purpose of speculating in buying and selling cotton. He alleges that his brokers claim to have used the money without his authority in transactions for his account which he claims were fictitious or false. The issues arising on denials in the answer and a counterclaim, based on alleged accounts stated, with respect to the transactions which plain-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

,tiff, now claims were unauthorized, and on a reply thereto, have been duly referred and are pending trial. If accounts with respect to these transactions were stated as claimed by defendants, then manifestly plaintiff could not recover. The learned counsel for defendants contends that, if the accounts stated are established, it will not be necessary to examine the accounts with respect to the transactions in question. That is doubtless true, and it would seem to be a proper case for the trial of the issues with respect to the accounts stated first, but the record does not show any order therefor as authorized by sections 967 and 973 of the Code of Civil Procedure.

[2] The plaintiff, on a petition and an affidavit tending to show that some of the transactions which the defendants claim to have had on his account were fictitious,· and that all or nearly all were made by the defendants without authority from the plaintiff, obtained an order, pursuant to the provisions of section 803 of the Code of Civil Procedure, requiring the defendants to produce before the referee to whom the issues have been referred "all purchase and sales books, street contract or cotton contract books, journals, ledgers, contract slips, the black memorandum book kept by the defendant Rothschild of his personal trades on the New York Cotton Exchange, and all other books, papers, and documents belonging to and kept on behalf of the defendants between the 20th day of October, 1911, and the 28th day of August, 1913, containing entries in reference to contracts alleged to have been made by the defendants on behalf of the plaintiff on the New York Cotton Exchange, and all entries used in offsetting and settling alleged contracts made on behalf of the plaintiff, and also all entries in reference ·to ·purchases and sales made by the defendants or either of them during the said period, and also all entries in said black memorandum book aforesaid during said period," and permitting the plaintiff and his attorneys and accountants "to examine said books, papers and documents and to make copies therefrom in so far as they relate to the transactions between. the plaintiff and defendants directly or indirectly," and providing that the inspection, examination, and discovery and the taking of copies of said entries shall be "subject to the direction and control of said referee."

We are of opinion that an inspection and discovery is quite unnecessary, at least at this time, and that it would disclose information concerning the business of other customers of defendants in no manner involved in or germane to this litigation and which is of a. private and confidential nature. It would seem that a subpœna duces tecum for the production of these books and papers on an examination of the defendants or their bookkeeper or other employés, before the referee and under his supervision, with respect thereto, would elicit all the information to which the plaintiff is legitimately entitled, and plaintiff should be left to adopt that course. Of course, it is wholly immaterial to the plaintiff what entries the books of the defendant contain, if, as he claims, he authorized no purchase or sale; and, if he did authorize any transactions; those only concern him; and it would seem that by such examination they may be so identified that the examination of defendants' books and papers and the use thereof as evidence may be con-

fined thereto; but, if not, the application for an inspection and discovery may be renewed.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

