FREAR v. LEWIS et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1915.)

1. DISCOVERY &—88—INSPECTION OF BOOKS—SCOPE OF ORDER.

Where defendant ousted plaintiff from a partnership and was held accountable for the assets and good will of the firm which he had appropriated, an order for the inspection of the books and papers of a firm subsequently organized by defendant, showing all its insurance business through or with customers of the former firm, including the ledger, cashbook, expiration book, account current book, and all other books throwing light on the business done and the value of the good will of the former firm, was too broad, as, if defendant through his new firm was taking

&—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

risks from old customers, the fact might be shown upon the reference, and as plaintiff, a business competitor, should not be allowed to go through the expiration books so as to obtain a better basis for competition.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 113, 114; Dec. Dig. ☞88.]

2. DISCOVERY ☞84—SCOPE—EXISTENCE OF OTHER REMEDY.

Such inspection of the books of defendant's new firm was needless for the purposes of reference, since by subpœna duces tecum the requisite books might be produced, and made the subject of inquiry in the hearings before the referee.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 108; Dec. Dig. ☞84.]

Appeal from Special Term, Kings County.

Action by Frank B. Frear against Alfred H. Lewis and Bertram E. Gendar. From an order for inspection of books and papers of the firm of Lewis & Gendar, as well as those of the former firm of Lewis & Frear, defendant Lewis appeals. Modified and affirmed.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

A. F. Van Thun, Jr., of Brooklyn, for appellant.

J. Noble Hayes, of New York City, for respondent.

PER CURIAM. [1, 2] We have already held that on March 6, 1909, defendant Lewis forcibly ousted plaintiff from the former place of business of Lewis & Frear, so that Lewis must account for the assets and good will of that firm which he appropriated. 166 App. Div. 210, 151 N. Y. Supp. 486. A referee has been appointed to take proof of such value. Defendant since organized the firm of Lewis & Gendar, which carries on the fire insurance business at same place. It is claimed that the new firm has reaped the benefit of the good will of the firm of Lewis & Frear by means of the patronage it received from the former customers of Lewis & Frear. In order to prove the extent of such good will, plaintiff has obtained an order for inspection of the books and papers of Lewis & Gendar. The order appealed from commands defendants to permit an inspection of all the books and papers of Lewis & Gendar, showing all the fire insurance business by that firm from March 6, 1909, with or through the former customers of Lewis & Frear, including the ledger, cashbook, expiration book, account current book, and all other books which will throw light on the business done, and the value of the good will of Lewis & Frear. Clearly this is too broad. If defendant Lewis, through his new firm of Lewis & Gendar, is now taking risks from the old customers, that fact may readily be shown upon the reference. Plaintiff as a business competitor should not be allowed the advantage of going through the expiration book and other records of the new firm, so as to gain information of the premium rate, and the dates when such business will expire, so as the better to obtain a basis for competition. Such search through the books is needless at this time for the purposes of this reference, since by subpœna duces tecum the requisite books may be produced, and

made the subject of inquiry in the hearings before the referee. Cohen v. Rothschild, 162 App. Div. 611, 147 N. Y. Supp. 915. The scope of the order should therefore be limited to the books and papers of the old firm of Lewis & Frear.

The order as thus limited to the books and papers of Lewis & Frear should be affirmed, but without costs.