COLEMAN RHEIMS, Respondent, *v.* MORRIS BENDER, Sued Herein as " MORITZ " BENDER, as Sole Surviving Partner of the Late Firm of S. & M. BENDER, Appellant.

Second Department, November 15, 1918.

Practice — action by salesman against former employer for wages — when order for inspection and discovery of books and papers too broad — examination before trial — production of books and papers by subpœna duces tecum.

A former salesman whose compensation was measured by his individual efforts who brings an action against his employer to recover a specified sum, alleged to be due him, is not entitled to an order for the inspection of the books and all other papers of his former employer during a specified period " concerning, regarding and referring to and connected with the employment of plaintiff by the defendant's firm, the sale and delivery " by him as made and concluded with the firm's customers, showing profits,

losses, etc., as it in effect clothes the former employee with a roving commission to look into the business of the firm.

*It seems,* that the plaintiff may obtain proper relief by an examination before trial upon which the books and papers may be produced by a subpœna *duces tecum.*

APPEAL by the defendant, Morris Bender, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 8th day of June, 1918, granting plaintiff an inspection and discovery of certain books and papers.

*Charles A. Houston,* for the appellant.

*Henry E. Heistad,* for the respondent.

PER CURIAM:

Plaintiff, a former salesman of defendant's firm, whose compensation was measured by his individual efforts, after complaint that a sum specified down to the cents is due to him, has obtained a broad and drastic order for inspection of the books and all other papers of his former employer from 1903 to 1917, " concerning, regarding and referring to and connected with the employment of plaintiff by the defendant's firm, the sale and delivery " by him as made and concluded with the firm's customers, showing profits, losses, etc.

We think that the order was not necessary. In effect it clothes the former employee with a roving commission to look into the business of the firm that is not justified by the issues tendered, and not warranted at least at this stage of the litigation.

We fail to perceive why the plaintiff should not be content with an examination before trial upon which the books and papers may be produced by a subpœna *duces tecum* as required. (*Cohen* v. *Rothschild,* 162 App. Div. 611; *Harbaugh* v. *Middlesex Securities Co.,* 110 id. 633.)

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

JENKS, P. J., THOMAS, RICH, BLACKMAR and JAYCOX, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.