In the Matter of the Probate of the Paper Propounded as the Last Will and

___

* See 202 App. Div. 812, 850; 235 N. Y. 439.— [REP.

Testament of EUGENE TYMESON, Deceased.— Decree of the Surrogate's Court of Westchester county reversed on the law, and a new trial ordered in said court, with costs to abide the event. The evidence was sufficient to raise an issue of fact as to decedent's testamentary capacity, which should have been submitted to the jury. It was error to exclude (1) from the hypothetical question statements of evidence showing moral depravity; (2) the deposition of the legatees Miller and Fredericks; (3) evidence of letters and transactions of decedent subsequent to the execution of the alleged will; and (4) evidence of the making of the deed to McCready, the declaration of trust in regard thereto, and the value and condition of the property. (*Matter of Potter*, 161 N. Y. 84; *Albany County Sav. Bank v. McCarty*, 149 id. 71, 84; *Matter of Woodward*, 167 id. 28; *Marx v. McGlynn*, 88 id. 357, 374.) Blackmar, P. J., Kelby and Young, JJ., concur; Kelly and Manning, JJ., concur on the ground of the exclusion of evidence only.