NEW YORK CITY CAR ADVERTISING COMPANY, Respondent, *v.* E. REGENSBURG & SONS, INC., Appellant.

First Department, June 1, 1923.

Depositions — examination of defendant before trial — plaintiff entitled to examination only as to issues upon which it has affirmative — order should not require appearance of all officers of defendant at same time — production of books and papers may be compelled by subpœna duces tecum — books and papers so produced can be used only to refresh recollection — books and papers cannot be used as evidence unless produced by order under Civil Practice Act, § 296.

The plaintiff in an action is entitled to examine the defendant before trial only upon issues as to which it has the affirmative, either because of the nature of the cause of action or because the plaintiff has assumed the burden by reason of the nature of its pleading.

45

**706** New York City Car A. Co. *v.* Regensburg & Sons, Inc.

First Department, June, 1923. [Vol. 205

Where the defendant sought to be examined is a corporation, the order should not require all of the officers to appear at the same time for examination, but the defendant should first be examined through one or perhaps two of its officers and later through the others if that be found necessary.

The production of the books and papers of the corporation on the examination of the defendant before trial may be compelled by subpœna *duces tecum*, but when so produced, their use is limited to refreshing the recollection of the witness.

If it is desired to use the books and papers or any part thereof as evidence, an order must be procured under section 296 of the Civil Practice Act directing their production.

Appeal by the defendant, E. Regensburg & Sons, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of March, 1923, denying its motion to vacate a notice of its examination before trial, as resettled by an order entered in said clerk's office on the 3d day of April, 1923, as resettled by another order entered in said clerk's office on the 9th day of April, 1923.

*Paskus, Gordon & Hyman* [*Joseph C. Slaughter* of counsel], for the appellant.

*Perlman & Levitt* [*Charles H. Levitt* of counsel], for the respondent.

Finch, J.:

An examination of the defendant upon most of the issues sought was properly ordered, since upon these issues the plaintiff has the affirmative, either because of the nature of the cause of action, or because the plaintiff has assumed the burden by reason of the structure of its pleading. For example, the plaintiff ordinarily would not have the affirmative of showing payment. Where, however, plaintiff has alleged certain payments, resulting in a balance due, which allegations are put in issue by the defendant, plaintiff then has the affirmative of showing the payments made on account. (*Conkling* v. *Weatherwax*, 181 N. Y. 258.)

The order should be modified so as to exclude item G, since that concerns a matter set up in a counterclaim, upon which the defendant obviously has the affirmative. The order should also be modified so as to not to require the five officers of the defendant to appear at the same time for examination. The defendant should first be examined through one or perhaps two of its officers, and the attendance of the others required subsequently, should this be found necessary.

The defendant also asks for the vacation of a subpœna *duces tecum* requiring the production of books and papers, insisting that such production is only permissible through an order of the court, and that the plaintiff is seeking to obtain by this means a discovery

and inspection of its books and papers. In this the defendant is in error, since the production of the books and records may also be procured by a subpœna *duces tecum*. (*Holmes, Booth & Hayden v. Stietz*, 6 N. Y. Civ. Proc. Rep. 362.) When so produced, however, their use is limited to refreshing the recollection of the witness. (*Horst* v. *Yuengling Brewing Co.*, 1 App. Div. 629; *Gibbons* v. *San Luis Mining Co.*, 125 id. 741.) Under the Code of Civil Procedure a distinction was made between an individual and a corporation, both as to the manner of obtaining the production of books and papers, and the use thereof upon an examination before trial. (*Matter of Sands*, 98 App. Div. 148.) Such distinction has now been done away with by the Civil Practice Act, section 296 providing that books and papers may be required by an order to be produced at such examination by individuals as well as corporations; and on such examination the books and papers, or any parts thereof used by the witness may be offered and received in evidence in addition to the use thereof by the witness to refresh his memory. In order to use the books and papers other than to refresh the memory of the witness, however, an order of the court is necessary. The use of books and papers produced pursuant to an order for examination before trial or to a subpœna *duces tecum*, is not to be confused with a discovery and inspection, which now is provided for by section 324 of the Civil Practice Act, aided by rules 140–142 of the Rules of Civil Practice.

The order should be modified in accordance herewith, and as modified affirmed, without costs.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Order modified as indicated in opinion, and as modified affirmed, without costs. Settle order on notice.