EDWARD C. KLAPP, Plaintiff, *v.* EDNA B. MERWIN, Individually and as Executrix, etc., Defendant.

Supreme Court, Montgomery Special Term, March, 1924.

Depositions — examination of defendant before trial — action for fraud inducing purchase of stock — notice providing for examination concerning matters in aid of plaintiff's cause of action — examination may be had upon issues which plaintiff must affirmatively prove — motion to vacate notice denied — knowledge of facts by plaintiff not conclusive ground for vacating notice — examination of books and papers must be instituted by order rather than by notice under Civil Practice Act, § 296 — production of books and papers under subpoena duces tecum may be had where only purpose of examination is to have their " identity " established.

The plaintiff, in an action wherein he claims to have been induced to purchase corporate stock by the fraud and deceit of the defendant, is entitled to examine the defendant before trial upon issues which he must affirmatively prove.

A motion for the vacation of the notice will be denied, where the facts upon which examination is sought are sufficiently limited in the notice and are set forth with sufficient definiteness and particularity and there is nothing to indicate that the examination is not sought in good faith. The fact that the plaintiff also has knowledge of the matters in question is not conclusive as a ground for vacating the notice.

An examination of books and papers under section 296 of the Civil Practice Act must be instituted by an order, rather than by notice.

The production of books and papers under a subpœna *duces tecum* (presumably served with the notice for examination before trial) may be had where the only purpose of their examination is to have their " identity " established, since the defendant may do that when refreshing her recollection concerning them.

MOTION to vacate or modify a notice for the examination of defendant and to vacate a subpœna *duces tecum* served upon her.

*Andrew J. Nellis,* for plaintiff.

*Rogers & Sawyer,* for defendant.

ANGELL, J. The complaint alleges that plaintiff was induced through fraud and deceit practiced upon him by defendant, and N. L. Merwin, deceased, of whose estate defendant is executrix, to purchase $50,000 worth of stock in the N. L. Merwin Co., Inc., which stock the complaint alleges to have been worthless. The answer is a general denial.

Plaintiff has served on defendant a notice that he desires to obtain her testimony by deposition and to examine her regarding statements made by her, and by N. L. Merwin in his lifetime in her presence, " in and during the negotiations to procure the plaintiff to engage in the business of the corporation of The N. L. Merwin Co., Inc., and purchase shares of stock therein; " and in regard to the " identity of the books, papers, documents and statements relating to the business formerly carried on by the defendant and N. L. Merwin as copartners, and also the identity of the books, papers and documents and statements relating to the business of The N. L. Merwin Co., Inc."

Defendant thereafter obtained an order to show cause why the notice should not be vacated or modified, and a subpœna *duces tecum* (presumably served on defendant with the notice) should not be vacated. Upon the return of the order no affidavits in support of the notice of examination were submitted, as might have been done under section 291 of the Civil Practice Act; and, consequently, there are no answering affidavits. It is necessary, therefore, to determine this motion upon the notice itself, and the pleadings.

The Civil Practice Act, section 288, provides that a plaintiff may cause to be taken by deposition the testimony of a defendant which is material and necessary in the prosecution of the action. The notice calls for the examination of defendant on specific matters, statements by her and her testator in her presence made to induce plaintiff to enter into a business relationship with them, in connection with which he contends he was defrauded. These matters

are in aid of the plaintiff's cause of action. They relate to what he must prove to establish his cause of action. Even under the Code of Civil Procedure a party could examine his adversary, except under unusual circumstances, in support of issues as to which he had the affirmative. A plaintiff could have the examination to prove his own case. *Oshinsky* v. *Gumberg*, 188 App. Div. 23. Under the Civil Practice Act the rules for the examination of parties before trial are intended to be liberalized rather than restricted. It is still the rule that an examination of defendant may be had upon issues which the plaintiff must affirmatively prove. *New York City Car A. Co.* v. *Regensburg*, 205 App. Div. 705.

But defendant urges that the notice should be vacated because the matters as to which the examination is sought are within the knowledge of the plaintiff, and specifically that he must know himself what statements were made by defendant and N. L. Merwin in her presence, to induce plaintiff to purchase the stock. While that would seem to be true, still the examination being sought in aid of issues which plaintiff must establish, the fact that he also has knowledge of them is not conclusive. *Terry* v. *Ross Heater & Mfg. Co.*, 180 App. Div. 714; *Pierce* v. *Morris*, 192 id. 502.

It seems to me that the matters on which the examination is sought are set forth with sufficient distinctness and particularity. Defendant does not indicate any specific way in which the examination should be limited. It appears to be sufficiently limited in the notice. There is nothing to indicate that the examination is not sought in good faith, or that the interests of justice will not be subserved by it.

A more serious question arises as to the subpœna *duces tecum* which it is sought to have vacated. The subpœna has not been produced before the court. But it presumably covers the books, papers and documents relating to the business of the copartnership and the corporation referred to, as to the " identity " of which the examination is sought. The practice regarding the production of books and papers seems to be in an uncertain state in cases where a discovery and inspection is not sought under section 324 of the Civil Practice Act. Section 296 of the act provides that if the deposition is to be taken pursuant to an order, the order may require, in a proper case, the production of books and papers, and on the examination the books and papers or any part or parts thereof may be offered and received in evidence, in addition to the use thereof by the witness to refresh his memory. In this case, of course, no order was obtained. In *Ritzwoller* v. *Lurie*, 204 App. Div. 768, 769, the court says: " There is no provision, however, for the production of books and papers upon a mere notice, given under section 290,

of the taking of testimony by deposition. A party can only be required to produce books upon such examination, under an order of the court."

But in that case it does not appear that a subpœna *duces tecum* was served. That decision seems difficult to reconcile with *New York City Car A. Co.* v. *Regensburg & Sons*, 205 App. Div. 705, decided in the same department a few months later, where the court says: " The defendant also asks for the vacation of a subpœna *duces tecum* requiring the production of books and papers, insisting that such production is only permissible through an order of the court, and that the plaintiff is seeking to obtain by this means a discovery and inspection of its books and papers. In this the defendant is in error, since the production of the books and records may also be procured by a subpœna *duces tecum*. * * * When so produced, however, their use is limited to refreshing the recollection of the witness. * *. * In order to use the books and papers other than to refresh the memory of the witness, however, an order of the court is necessary."

In *Fey* v. *Wisser*, 206 App. Div. 520, 523, the court, after discussing the sections of the Civil Practice Act and the rules relating to discovery and inspection of books and documents, says: " It will thus be seen that the only real objection which existed under the Code of Civil Procedure to combining these two forms of relief in one order is now obviated by the Civil Practice Act and the Rules of Civil Practice; that is, provided a party proceeds by *an order* for examination in the first instance, instead of by a mere notice."

Thus it seems to be held in this case that to obtain an examination of books and papers under section 296 the proceeding must be instituted by order, rather than only by notice. The question has not, so far as I have been able to discover, been passed upon in this department. However, in *Eagle-Picher Lead Co.* v. *Mansfield Paint Co.*, 201 App. Div. 223; 203 id. 9, it was held that the court should put no restrictions on litigants additional to those expressly imposed by the Civil Practice Act, and that examinations before trial should be facilitated by giving the provisions applicable a liberal interpretation. In view of this, I am inclined to hold, following the *New York City Car A. Co. Case, supra,* that production of the books under the subpœna *duces tecum* may be had, though that opinion indicates they cannot be used other than to refresh the memory of the witness. As, under the notice, the only purpose of the examination of the books is to have their " identity " established, defendant presumably may do this when refreshing her recollection regarding them. For certainly a limited examination of the books is necessary under section 296, in order that

defendant may refresh her memory as to whether those produced are the books of the copartnership and corporation.

The motion to vacate the notice and subpœna is denied.   Defendant is directed to appear for examination before the referee named in the notice, at the place therein specified, on the 25th day of March, 1924, at ten A. M.

Ordered accordingly.