BARTHOLOMAY COMPANY, INC., Plaintiff, *v*. JOHN A. REGAN, Defendant.

Supreme Court, Monroe Special Term, June 2, 1924.

Depositions — examination before trial — action on promissory note — defendant may examine plaintiff corporation as to affirmative defenses — names of officers and employees to be examined must be specified in notice under Civil Practice Act, § 290 — production of books and papers cannot be required by notice under said section.

In an action upon a promissory note the defendant is entitled to examine the plaintiff corporation before trial as to the affirmative defenses of payment, breach of conditional oral agreement under which note was delivered, impossibility of performance of said agreement by both parties, and waiver of further payments.

There is no authority for a notice to examine all of the officers, directors, agents and employees of a corporation. The notice must, under section 290 of the Civil Practice Act, specify the names of the officers and employees whose examination is desired.

The production of books and papers cannot be required by a notice for examination under section 290 of the Civil Practice Act.

MOTION by plaintiff to vacate a notice for examination.

*Hubbell, Taylor, Goodwin & Moser*, for the motion.

*J. M. E. O'Grady*, opposed.

RODENBECK, J. The defendant sets up payment of the promissory note sued on, breach of the conditional oral agreement under which it was delivered, impossibility of performance of this agree-

ment by both parties due to the passage of the Volstead Act and waiver of further payments on the note. These are all affirmative defenses and the examination is sought to enable the defendant to prove them which brings the application within the rule. The amount paid on the note admitted in the complaint may technically place the burden on the plaintiff of showing payment (*New York City Car Ad. Co.* v. *Regensburg & Sons, Inc.*, 205 App. Div. 705), but it does not debar or relieve the defendant from showing that a larger amount was paid or that the whole note was paid and if he has not the evidence and plaintiff has it, he may examine the plaintiff. The collateral oral agreement being in the case, and the validity of the note sued on, the transaction from the inception of the agreement together with any renewal notes may be inquired into. *Michel* v. *Ellwanger*, 58 App. Div. 616; *Beach* v. *Nevins*, 18 L. R. A. (N. S.) 289. The amount of beer and ale furnished is only incidental to the amount paid on the note and furnishes the basis for calculating the payments. The date of discontinuance of manufacture by the plaintiff and supply to the defendant is a part of the claim of impossibility of performance. *Kinzer Const. Co.* v. *State*, 125 N. Y. Supp. 46. The subsequent sale of the fixtures bears upon the question of waiver. These are all matters that are material and necessary to the defenses set up, and if the plaintiff is entitled to an examination of defendant as to these defenses, the defendant surely is entitled to examine the plaintiff in relation to them.

There is no authority for a blanket notice to examine all of the officers, directors, agents and employees of plaintiff. The notice is required to state the names of those whose examination is desired (Civ. Prac. Act, § 290, subd. 3), but the language applies to employees as well as managing agents, directors and officers. There is no good reason for whittling down the language so that active employees engaged in the business of the corporation may not be examined except on the conditions that attach to witnesses. A station agent of a railroad, for instance, is not a managing agent but a mere employee and his testimony may be very material and absolutely necessary to prove the matters connected with the shipment of freight and a shipper should be entitled to obtain his testimony before trial. The legislature intended to make it possible for a party adverse to a corporation acting through a large number of agents and employees to get the evidence necessary to prove his case before trial. The process of limitation by construction which destroyed the value of the old provisions has already begun. *Friedman* v. *New York Central R. R. Co.*, 206 App. Div. 169. There is no provision in the section relating to notice permitting a direction to produce books and papers. *Ritzwoller* v. *Lurie*, 204 App. Div. 768;

*New York City Car Ad. Co.* v. *Regensburg & Sons, Inc., supra.* The reform of the practice in relation to this subject has proceeded at a snail's pace. Under the old chancery practice, the discovery of books and papers could be accomplished only by a special action for that purpose. The next step was to permit their discovery by an order of court. Then by another change their production could be required under the guise of an examination of a corporation, a special order still being required in the case of individuals although a deposition was under way. The present practice finally permitted their production, both corporate and individual, under an order for a deposition but not under a notice for examination. The next advance probably will be that an examination shall be had only upon notice and the production of books and papers upon notice, either at the examination or otherwise, subject to an application to vacate or modify, and then a century of evolution upon this subject will have been completed.

Notice modified by striking out the provision relating to the appearance of any officers or employees of plaintiff other than those named and the provision relating to the production of books and papers.

Ordered accordingly.