Israel Cohen and Another, Plaintiffs, *v.* International Broker-age & Clearing Co., Inc., Defendant.*

Supreme Court, New York Special Term, March 19, 1925.

**Discovery and inspection — production of books and papers — application by foreign corporation to modify subpœna so as to require production of only such books and papers as are in possession of defendant's secretary within State — all books called for by subpœna, except those indicated in defendant's affidavit as being in possession of its secretary, are at principal office of defendant without State — no subpœna or order served on officer without State under Civil Practice Act, § 413 — application granted.**

An application to modify a subpœna served upon the secretary of the defendant, a foreign corporation, having its principal place of business without the State, requiring the production of certain books and papers, should be granted to the extent of requiring the production of only such books and papers as are in the possession of defendant's secretary, where all the books called for by said subpœna, with the exception of those indicated in defendant's affidavit as being in the possession of its secretary, are at its office without the State and it does not appear that any officer of said corporation having the custody of said books and papers without the State has been served with a subpœna or order under section 413 of the Civil Practice Act, or that the subject-matter of the action took place in this State.

Motion by defendant to modify subpœna requiring the production of books and papers.

*Rudolph Marks,* for the plaintiffs.

*Hayes & Wadhams,* for the defendant.

Erlanger, J.:

A subpœna was served upon the secretary of the defendant, requiring the production of certain books and papers before one of the justices of this court. Application is now made to modify the same, so as to compel the production of only such books of the defendant corporation as are in the State of New York, or in the possession of the secretary to whom the subpœna is addressed.

It appears that the defendant's principal place of business is in St. Louis, Mo., and that it transacts no business in this State, although it obtained a certificate to do so. By the affidavit of the secretary it is made to appear that all the books and records of the company called for by the subpœna, except those indicated, are in the possession of the corporation at St. Louis. Section 413 of the Civil Practice Act commands that a subpœna or an order as required by section 411 *must* be directed to the president or other head of the

* See, also, 211 App. Div. 311.

corporation, or to the officer thereof in whose custody the book or paper is. In this situation the secretary can only be required to produce the papers and books actually in his hands.

This is not a case where a foreign corporation invokes the jurisdiction of this court as a plaintiff, nor does it appear that the subject-matter of the action took place in this State. It has been held upon this state of facts, production of books will not be compelled. (*Kram* v. *Jewish World Publishing Co.*, 176 App. Div. 840.)

Motion granted to the extent of requiring the production of the books in the possession of the defendant secretary.