In the Matter of the Estate of ELMER A. SPERRY, Deceased.

Surrogate's Court, Kings County, December 8, 1930.

*White & Case* [*David Paine* of counsel], for the petitioner.

*Lord, Day & Lord* [*Max D. Steuer* of counsel], for the contestants.

*Gardiner Conroy*, special guardian for Lawrence B. Sperry and Winifred Barclay Sperry, infants.

WINGATE, S. This is a motion to vacate a subpœna *duces tecum* served upon the proponent of the will and codicil of Elmer A. Sperry, deceased, in connection with his examination on issues of fraud and undue influence raised by the contestants of the codicil.

Section 316 of the Surrogate's Court Act provides: " Except where a contrary intent is expressed in, or plainly implied from the context of this act, a provision of law or of rules, applicable to practice or procedure in the supreme court, applies to surrogates' courts and to the proceedings therein, so far as they can be applied to the substance and subject matter of a proceeding without regard to its form."

This has been authoritatively construed as extending to Surrogates' Courts the same rules and practice respecting examinations before trial which pertain in the Supreme Court. (*People ex rel. Lewis* v. *Fowler*, 229 N. Y. 84, 86, 87; *Matter of Carter*, 193 App. Div. 355.) Consequently, the pertinent sections of the Civil Practice Act and of the Rules of Civil Practice are as applicable to the Surrogate's Court as to the Supreme Court, and the decisions of the latter are pertinent precedents on this subject in the former.

It would be a labor of supererogation to attempt to review the modern practice which has grown up about these sections. Suffice it to say that an examination may be had pursuant to order in accordance with the provisions of section 292 of the Civil Practice Act or merely upon notice as specified in section 290. Under the latter procedure, however, there can be no general discovery of books or documents. (*New York City Car Advertising Co.* v. *Regensburg*, 205 App. Div. 705, 707; *Fey* v. *Wisser*, 206 id. 520, 522, 523.) With this phase of the subject, however, there is no present concern.

The sole question now presented is as to the rules governing the production and use of books and papers in an examination pursuant to notice. While this matter has never been determined by the Court of Appeals, it has several times been adjudicated by the Appellate Divisions of the several departments.

In *New York City Car Advertising Co.* v. *Regensburg* (205 App. Div. 705), which arose in the First Department, the court says (at p. 706): " The defendant also asks for the vacation of a subpœna *duces tecum* requiring the production of books and papers, insisting that such production is only permissible through an order of the court, and that the plaintiff is seeking to obtain by this means a discovery and inspection of its books and papers. In this the defendant is in error, since the production of the books and records may also be procured by a subpœna *duces tecum*. (*Holmes, Booth & Hayden* v. *Stietz*, 6 N. Y. Civ. Proc. Rep. 362.) When so produced, however, their use is limited to refreshing the recollection of the witness. (*Horst* v. *Yuengling Brewing Co.*, 1 App. Div. 629; *Gibbons* v. *San Luis Mining Co.*, 125 id. 741.) "

This precedent was expressly followed in the Second Department in *Loomis* v. *Marsh* (212 App. Div. 831), which result was in harmony with its attitude respecting the practice under the Code as stated in *Rheims* v. *Bender* (185 App. Div. 61), where, in reversing an order for inspection, the court said (at p. 62): " We fail to perceive why the plaintiff should not be content with an examination before trial upon which the books and papers may be produced by a subpœna *duces tecum* as required. (*Cohen* v. *Rothschild*, 162 App. Div. 611; *Harbaugh* v. *Middlesex Securities Co.*, 110 id. 633.) "

That the rule in the Fourth Department is in agreement with that of the First and Second is demonstrated by *Kertz* v. *Liberty Bank of Buffalo* (226 App. Div. 715) in which the court says (at p. 716): " Paragraph numbered 9 in the notice to take the deposition of the defendant before trial, requiring the production of books and papers for the purpose of refreshing the recollection of the

witness, is retained, although without the accompanying *subpœna duces tecum* it would be of no effect. If the production of documents had been for the purpose of inspection or discovery, an order requiring such production would have been requisite."

Perhaps the fullest discussion of the subject is found in the Third Department in *Klapp* v. *Merwin* (122 Misc. 708; affd., 209 App. Div. 843), in which a motion to vacate or modify a notice of examination and to vacate a subpœna *duces tecum* was denied. The court, after a comprehensive examination of decisions, follows the case of *New York City Car Advertising Co.* v. *Regensburg* (*supra*).

It will be apparent from this review that, although the Court of Appeals has not spoken, all four Appellate Divisions are unanimous in their enunciation of the rule that a person examined pursuant to notice may be compelled by subpœna *duces tecum* to produce designated books and records " to be used as an adjunct of the oral examination " (*Fey* v. *Wisser*, 206 App. Div. 520, 522) for the purpose of " refreshing the recollection of the witness." (*New York City Car Advertising Co.* v. *Regensburg*, 205 App. Div. 705, 707.)

In the case at bar, objection to the production of the books and records in question is further predicated on the fact that they are those of certain corporations which are not parties to the proceeding. On the other hand, it has been shown that the proponent who is being examined is the president and a very prominent factor in these corporations, the stocks of which are closely held. It is not denied that the documents demanded are within the control of the witness and a requirement of their production is, under such circumstances, supported by authority. As was said by the Appellate Division of this department in *Meretzky* v. *Wolff* (224 App. Div. 745): " While many of the documents sought by the notice to produce are technically in the possession of a corporation not a party to the action, the appellant is the owner of the entire capital stock of that corporation, and, therefore, has actual possession and control of such documents and is able to produce them." To similar effect see *Gibbons* v. *San Luis Mining Co.* (125 App. Div. 741, 742); *Klapp* v. *Merwin* (122 Misc. 708; affd., 209 App. Div. 843); *Cohen* v. *International Brokerage & Clearing Co.* (124 Misc. 860); *Wertheim* v. *Continental Railway & Trust Co.* (15 Fed. 716, 717); *Matter of Hirsch* (74 id. 928 935); *Matter of Barnes* (204 N. Y. 108, 118).

The final contested question concerns the materiality of the information sought from the books and papers enumerated in the subpœna.

Section 288 of the Civil Practice Act reads, in part: " Any party

to an action in a court of record may cause to be taken by deposition, before trial, his own testimony or that of any other party *which is material and necessary* in the prosecution or defense of the action." (Italics not in original.)

The contestants contend that the books and papers, the production of which is demanded, are material for the purpose of showing the extent and value of the decedent's estate and point to the fact that in his earlier examination the proponent testified that he did not remember the facts in this connection. They, therefore, argue that a proper showing is made for the refreshing of his recollection on this subject, and that the records of the corporations in which the decedent was interested are material and necessary for the purpose.

It is, of course, established that the value of a testator's estate is a material subject of inquiry on an issue of undue influence. In *Matter of Woodward* (167 N. Y. 28) the court says (at p. 29): " The contestants sought to prove the condition and value of testatrix's estate and of the several properties devised to her children respectively. The testimony on this subject was excluded as immaterial. We do not see how this ruling can be justified. While a testator may do what he will with his own, when the question is whether the will is the result of undue influence it would seem to be always material to ascertain the value of the several testamentary gifts found in the will. As a rule, undue influence is not exerted except for an object — either to obtain advantage for the person who is charged with having exerted it, or to cause detriment to others who would naturally share in the testator's bounty." To like effect see *Matter of Van Ness* (78 Misc. 592, 621); *Matter of Tymeson* (204 App. Div. 840, 841). While the failure of a testator of limited means to make testamentary provision for others than members of his immediate family and dependents would, of itself, have no tendency to indicate undue influence by them in inducing the execution of the will, it is conceivable that a like failure by a testator possessing great wealth might be a circumstance of more or less weight on such an issue.

In any event, the materiality of evidence on this question would of necessity be limited to the financial situation of the testator at the time of the execution of the disputed document and for a reasonable period anterior thereto. The extent of such prior period will of necessity vary with the circumstances of each case. In the case at bar the contest is directed against the codicil, which is dated March 31, 1930, while the will itself, executed under date of October 1, 1929, is not the subject of attack. As a logical matter, it must, therefore, follow that the contestants concede that

at the date of the execution of the will the testator was a free agent subject to no improper influence. As a result, the contestants have by their own act limited the period of inquiry respecting such alleged undue influence to the time between the execution of the will and the making of the codicil. It must, therefore, result that they have foreclosed themselves from a search for evidence of undue influence during the period prior to the execution of the will, at which time they admit none existed.

It will, therefore, follow that items 4, 5, 9, 10, 14 and 15 of the subpœna *duces tecum* must be restricted to the period between October 1, 1929, and March 31, 1930.

In view of the fact that all testimony thus far elicited has been only before the referee and has not as yet been reported by him, the court is unfamiliar with more than these few salient points thereof which were discussed in this motion. On such information, the court is unable to perceive the materiality of the items in the subpœna *duces tecum* numbered 1, 2, 6, 7, 11 and 12, and it is, therefore, modified by their elimination with leave to the contestants to move for their allowance on a proper showing.

Items 16, 17 and 18 are also disallowed subject to a demonstration of their materiality by reason of temporal relation, within the reasoning applying to item 4, etc., *supra*.

Item 19 is allowed. Whereas the period of inquiry respecting the exercise of undue influence, in strictness, terminated with the execution of the codicil, the date of death, being only two months and sixteen days subsequent, followed so closely that the holdings of the decedent at the latter time are presumptively material in the absence of a showing of a change in the affairs of the decedent in the interval.

The determination of the motion is, therefore, as follows:

1. The following numbered paragraphs of the subpœna *duces tecum* are stricken out, to wit: 1, 2, 6, 7, 11, 12, 16, 17 and 18.

2. The following numbered paragraphs are modified so as to read " between the 1st day of October, 1929, and the 31st day of March, 1930," to wit: 4, 5, 9, 10, 14 and 15, and as so modified allowed.

3. The following numbered paragraphs are allowed, to wit: 3, 8, 13 and 19.

4. In the event that contestants are prepared to demonstrate the materiality of the matters referred to in items 1, 2, 6, 7, 11, 12, 16, 17 or 18, they may move for a rehearing in that respect.

Enter order on notice accordingly.