### BRICKNER v. SULZBACHER et al.

(Supreme Court, Appellate Division, First Department. February 5, 1909.)

DISCOVERY (§ 97*)—RIGHT TO EXAMINATION—APPLICATION—AFFIDAVITS.

Examination of witnesses and inspection of books and papers before trial will be allowed when application therefor is made in good faith, and will, or may have a tendency to, establish the cause of action or defense; but an affidavit of a former bookkeeper of defendant averring his belief that an inspection of defendant's books would show false entries by which plaintiff was defrauded, without stating facts showing basis for the belief, is insufficient.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 129; Dec. Dig. § 97.*]

Appeal from Special Term, New York County.

Action by Samuel M. Brickner against Joseph H. Sulzbacher and another. From an order granting plaintiff's motion for a discovery of defendants' books, both parties appeal. On plaintiff's appeal, affirmed. On defendants' appeal, reversed and motion denied with leave to renew application on additional papers.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Abraham Benedict, for appellant.

Theodore Baumeister, for respondents.

McLAUGHLIN, J. This action was brought to compel the defendants—stockbrokers—to account for moneys received from the plaintiff to carry on with them a speculative account. Defendants demurred to the complaint, but the demurrer was overruled, and on appeal the interlocutory judgment was sustained. 126 App. Div. 909, 110 N. Y. Supp. 1123. The answer denied the material allegations of the complaint, and alleged as a separate defense an accounting and settlement between the parties prior to the commencement of the action. After issue had been joined, the plaintiff made a motion for a discovery and inspection of certain books of the defendants, which motion was granted and inspection permitted under certain conditions, and both parties have appealed—the defendants from so much of the order as permits a discovery and inspection, and the plain-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff from so much of the order as imposes certain conditions and limits plaintiff's right to inspect and take copies.

The order was based on a petition of the plaintiff and an affidavit of one Hodges, a former bookkeeper of the defendants. The plaintiff, in his petition, upon information and belief, alleged that defendants dealt dishonestly with him in the transactions referred to in the complaint, in that they transferred to his account losses which were in fact sustained by the defendants, and thereby deprived him of profits which had been made in transactions carried on for him; and that, in order to prove such dishonest dealings, it will be necessary to examine defendants' books. The sources of the information and the grounds of the petitioner's belief are stated to be the affidavit of one Hodges, annexed to the petition. This affidavit shows that Hodges was the defendants' bookkeeper during the period in which the transactions referred to with the plaintiff took place, and was acquainted with the account of the plaintiff; that he kept all the books specified in the petition of the plaintiff, and that from his familiarity with the acts and transactions of the defendant Ulmann he "verily believes that an inspection of said books will disclose that the plaintiff was cheated by the defendant Ulmann by the means referred to in the petition."

The defendants, in opposition to the motion, presented affidavits denying in detail all the charges of dishonesty or wrongdoing; stated, in addition, that they have from time to time rendered accounts to the plaintiff; and that, prior and subsequent to the commencement of the action, they have offered to allow him to examine their books with reference to his own transactions, which he has neglected or declined to do.

Irrespective of what appeared in the opposing affidavits, I do not think, upon the facts stated in the moving papers, the court was justified in granting the order. The only facts stated by the plaintiff tending to show that he has been cheated or defrauded by the defendants are upon information and belief, the sources of the information and the grounds of the belief being the affidavit of Hodges. As already said, Hodges was the bookkeeper who made the entries in the books of the transactions between the plaintiff and the defendants, and all he has to say with reference to those entries is that he believes that an inspection of the books will show false and fictitious entries by which the plaintiff was cheated and defrauded. The court is disposed to permit examinations of witnesses and a discovery and inspection of books and papers before trial whenever facts are presented from which it can see that the applications are made in good faith and for the purpose of establishing the cause of action or defense, and that the same will, or may have a tendency to, accomplish that result. But, obviously, something more than the mere belief of a former bookkeeper that entries made by him are wrong must be shown. Facts must be set out showing a basis for the belief. All the information the plaintiff has on the subject is derived from Hodges, and the most that Hodges states is that he believes an inspection will show something. A party to an action cannot be compelled to exhibit his books and papers to the opposing party upon the mere statement that some

one believes that, if he does, certain information will be obtained or certain facts established.

The order, therefore, in so far as appealed from by the defendants, should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave to the plaintiff, upon payment of such costs, to renew the application upon additional papers, and the order, in so far as appealed from by the plaintiff, should be affirmed, without costs. All concur.