JOHN H. REDMOND, Respondent, *v.* CHARLES A. STONEHAM and ROSS F. ROBERTSON, Doing Business under the Firm Name and Style of CHARLES A. STONEHAM & Co., Appellants.

First Department, February 21, 1918.

**Practice — discovery — action by customer against stockbrokers — right to inspection of books and papers in order to frame complaint — examination of defendants before trial — subpœna duces tecum.**

An assignee of a claim against a firm of stockbrokers suing to recover an amount deposited as margin and damages for the defendant's failure to deliver stock deposited with them as collateral, upon the ground that the defendants had not carried out the orders of the plaintiff's assignor and had furnished false statements, is not entitled to an inspec-

tion of substantially all of the defendant's books and papers, including those in current use, in order to enable him to frame his complaint, where it is not clear that such books and papers will show anything more than the accounts which had been rendered by the brokers to the plaintiff's assignor, and the only manner in which said accounts are impeached is by the affidavit of a curb broker.

If the plaintiff is unable to frame his complaint on the information in his possession, he may obtain an order for the examination of the brokers and may then subpœna them to produce their books and papers relating to the assignor's account, to enable them to testify with respect thereto, and then, if an inspection should thereafter become necessary, it could be limited to the particular parts of the defendant's books and papers relating to the assignor's account.

APPEAL by the defendants, Charles A. Stoneham and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of December, 1917, granting an inspection of the defendants' books with leave to copy the same.

*Leo J. Bondy,* for the appellants.

*Keyes Winter* of counsel [*Walter S. Logan* with him on the brief; *Winter & Winter,* attorneys], for the respondent.

LAUGHLIN, J.:

This is an action on an assigned claim of a customer against a firm of stockbrokers. The inspection is sought to enable the plaintiff to frame his complaint. He alleges that on the 30th of July, 1917, his assignor opened an account with defendants for trading in stock on margin and deposited with them $13,000 with directions to purchase a specified number of shares of Hecla Mining Company stock and Kerr Lake Mining Company stock, which were dealt in only on the curb, at the lowest market price, but not greater than given maximum prices. The petition shows that they reported the purchase of all the stock and that on the 15th of October, 1917, the assignor deposited certain other stock with them as further security for the account; that on the 31st of October, 1917, the assignor authorized them to sell gradually at the highest price obtainable on the curb the Hecla Mining stock which they had purchased for her, and that they reported the sale of the entire amount consisting of 5,100 shares that

day at only a little more than one-half the cost price thereof, and also reported the sale of the Kerr Lake stock and the stock which she had deposited as collateral security. It is then alleged in the petition, on information and belief, that certain reports or statements made by the brokers to the assignor with respect to the purchase and sale of the stock and the borrowing of money thereon " were as to a great part of the said transactions false, untrue and inaccurate and that " the petitioner is informed and believes that defendants did not actually purchase the stock but " bucketed " the account of the assignor or part of it and converted her money to their own use; that the statements made and rendered by the defendants to the assignor with respect to the purchase and sale of the stock were false and fictitious, and that defendants have certain books showing the purchases of stock made by them and the money borrowed and the money received for stock sold, and for dividends and stamps, and that the petitioner has requested an inspection thereof which has been refused. After alleging the assignment of the account it is further alleged that the action is brought on the theory that if defendants did not purchase the stock or any part of it, recovery may be had of the amount deposited as margin and for damages for their failure to deliver the stock deposited with them as collateral security; and that the petitioner does not know the actual number of shares purchased by defendants for his assignor, or from whom they purchased them, or the amount of money borrowed by them on the securities to enable them to carry her account and that without the inspection the complaint cannot be prepared. The petition shows that accounts were rendered by the brokers to the customer in the usual way and the only manner in which they are impeached is by the affidavit of a curb broker that the amount of stock which defendants claim to have sold on the curb on the 31st of October, 1917, in his opinion was not and could not have been so sold. In these circumstances the petitioner insists that he has a right to examine *all* of the accounts kept by the defendants in order to determine what purchases and sales of stock were made for the account of his assignor. It is argued that brokers acting dishonestly would be likely to confuse the account in order to prevent

detection. The petitioner does not show whether or not his assignor authorized the sale of the other stock alleged to have been sold by the defendants on said October thirty-first. The order requires the defendants to deliver substantially all of their books and papers including those in current use to a designated referee for a period of twenty days to enable the petitioner to inspect and copy the same unless the referee shall determine that the inspection shall take place at the defendants' office.

We are of opinion that the petitioner was not entitled to the order. It is not at all clear that he shows that the books and papers will show anything more than the accounts that were rendered by the brokers to the customer (See *Brickner* v. *Sulzbacher*, 130 App. Div. 393); but if unable to frame the complaint on the information he now possesses he may obtain an order for the examination of the brokers and may then subpœna them to produce their books and papers relating to the assignor's account to enable them to testify with respect thereto. It would seem that such an examination would reveal all the information required by the plaintiff for the purpose stated. In that manner he could obtain a disclosure with respect to who purchased the stock and from whom and who sold the stock and to whom together with the price paid or received. The examination could identify the books and papers of the defendants where each item of the account of the assignor is shown, and then if an inspection should thereafter become necessary it could be limited to those particular parts of the defendants' books and papers. That is in accordance with the rule that we long since established with respect to the examination of such accounts and to prevent the disclosure of information with respect to the accounts of other customers. (*Cohen* v. *Rothschild*, 162 App. Div. 611. See, also, *Frear* v. *Lewis*, 170 id. 598.)

It follows that the order should be reversed, with ten dollars costs and disbursements, and motion for inspection denied, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.